Belknap,
No. 4675.

Doris E. Carr

*v.*

Merrimack Farmers Exchange, Inc.

Argued October 7, 1958.

Decided November 28, 1958.

446

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the plaintiff.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *Malcolm Mecartney, Jr.* (*Mr. Mecartney* orally), for the defendant.

DUNCAN, J. The counts added to the plaintiff's declaration by amendment sufficiently state causes of action falling within recognized principles of law.

The first count alleges that the defendant transported its goods over the public highway, through the medium of an independent contractor, in a manner which it knew or should have known would endanger travelers upon the highway, but failed to take preventive action or reasonable precaution against such risk, or to cause such action to be taken. While in ordinary circumstances the employer of an independent contractor is not liable for the negligence of his contractor (*Carter* v. *Berlin Mills*, 58 N. H. 52; *Pittsfield Cottonwear Mfg. Co.* v. *Shoe Co.*, 71 N. H. 522, 530) the general rule is subject to numerous exceptions and qualifications. Prosser on Torts (2d *ed.*) *s.* 64. One such exception is stated by the Restatement, Torts, *s.* 413, as follows: "One who employs an independent contractor to do work which the employer should recognize as necessarily creating, during its progress, conditions containing an unreasonable risk of bodily harm to others unless special precautions are taken, is subject to liability for bodily harm caused to them by the absence of such precautions, if the employer (a) fails to provide in the contract that the contractor shall take such precautions . . . or (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions."

The allegations of the plaintiff's first count would permit a finding that the defendant was liable under this exception.

We do not hold that under all circumstances the employer of a contract carrier is bound to supervise or inspect the carrier's loading to determine whether reasonable care has been exercised. If, however, as is alleged here the defendant were found to know that the hay was dangerously and insecurely loaded so as to be likely to fall from the truck, thereby creating an unreasonable risk of bodily harm to others then it could be found negligent in failing to take precautionary measures before the load left its premises. See 2 Harper & James, Torts, 1406, 1407; *Wright* v. *Tudor City Twelfth Unit*, 276 N. Y. 303. In the language of Mechem, in his work on Agency (2d *ed.* ) *s.* 1918, quoted in *Nashua &c. Paper Co.* v. *Noyes Co.*, 93 N. H. 348, 350: "Though the act be not one necessarily resulting in injury but is one which, from its nature, will probably, unless precautions are taken, do injury to others, it is, by the weight of authority, the duty of every person who does it in person or causes it to be done by another to see to it that those precautions are taken, and he cannot escape this duty by turning the whole performance over to a contractor."

On the other hand if the defendant did not in fact know of the conditions which gave rise to the risk of harm to the plaintiff, the question of whether it was chargeable with a duty to learn of those conditions by inspection or otherwise would present an issue for the jury, to be determined according to the dictates of reasonable care under all the circumstances disclosed by the evidence. See Restatement, Torts, *s.* 412, *comment* c. Thus the issue presented by the first count added by the amendment is the familiar one of whether in procuring delivery of its hay to its customer in the manner alleged, the defendant exercised such care as the average prudent man would have exercised under like circumstances.

The plaintiff's second count specifically alleges that the transportation which the defendant hired to be done "was inherently dangerous, constituted a nuisance, and involved a peculiar risk of bodily harm to others unless special precautions were taken."

The defendant argues that the work entrusted by it to the independent contractor was not "inherently dangerous," and that the transportation of goods by independent contractors should not be placed in that category by judicial decision. In support of its contentions it points out that the decided cases are those where: "The danger arose directly from the work . . . required to be done,

and not from the negligent manner of its performance." *Thomas* v. *Harrington*, 72 N. H. 45, 46. See also, *Canney* v. *Association*, 76 N. H. 60.

We recognize that the technical meaning given to the phrase "inherently dangerous" as applied to undertakings conducted through independent contractors often implies work that is dangerous even when conducted with reasonable care; and that the exception relating to such undertakings has been principally applied in cases of demolition, excavation, and other clearly dangerous activities particularly when conducted in proximity to public highways. See *Thomas* v. *Harrington, supra;* Prosser on Torts (2d *ed.*) 360; Mechem, Outlines of Agency, *ss.* 487-490; annos. 33 A. L. R. (2d) 7, 89, 111. See also, Restatement, Torts *s.* 427, *comment* a. The transportation of baled hay upon a public highway does not fall within this category. See *Balcus* v. *Company*, 93 N. H. 428, 430. *Cf. American Transit Lines* v. *Smith*, 246 F. (2d) 86, 90 (6th Cir. 1957).

The Legislature of 1955 recognized the dangers which might arise from the transportation of baled hay by adopting legislation found in RSA 263:68(b). Laws 1955, *c.* 122. Since this legislation took effect after the occurrence of the accident giving rise to this litigation, it is not controlling here. It serves to indicate however that the transportation of baled hay may reasonably be regarded as an activity calling for special precautions. Restatement, Torts, *supra*, *s.* 413.

The allegation of the plaintiff's second count that the transportation arranged for by the defendant was inherently dangerous rests upon other allegations indicating that one hundred fifty bales of hay, weighing more than ten tons in the aggregate, were insecurely loaded upon an open platform trailer. The circumstances alleged, if proved, could in our judgment reasonably be found to present an unreasonable risk of injury to the traveling public of such magnitude that the defendant, assuming its knowledge of the facts or of circumstances charging it with such knowledge, could reasonably be found under a duty to avoid it. *Schwartz* v. *Merola Bros.*, 290 N. Y. 145. See Jolowicz, Independent Contractors, 9 Stanford L. Rev. 690, 707. In such circumstances, whether the undertaking should be characterized as "inherently dangerous" or not is not decisive. See Prosser on Torts, *supra*, 361; 2 Harper & James, Torts, 1409.

The issue is whether reasonable care required that the defendant

act to prevent the risk of injury to travelers on the public way arising out of the transportation for which it arranged. Whether or not it was then the owner of the hay was a circumstance to be considered in determining this issue. Other factors to be considered in determining the defendant's due care are the magnitude of the danger involved if the undertaking should not be skillfully carried out; the reasonableness of the defendant's reliance upon the contractor in view of the nature of the undertaking and the competence of the contractor; the ease or difficulty with which the defendant could determine whether a risk to others was involved; and the existence of a relationship between the defendant and persons threatened with harm which would reasonably entitle them to expect the defendant to exercise care for their safety.

We agree with the defendant's contention that the allegation that the load of hay "constituted a nuisance" in this case adds nothing to the remaining allegations. *Piasecny* v. *Manchester*, 82 N. H. 458.

The second count of the writ suggests a further recognized ground upon which the defendant could properly be found liable. It is alleged that the defendant was chargeable with knowledge of the risk by reason of the "negligent conduct" of the contractor in insecurely loading his vehicle "both on this and prior occasions." If the defendant chose to contract for delivery of the hay to its customer by independent contractor, it was under a duty to exercise reasonable care in selecting him. Restatement, Torts, *supra, s.* 411; anno. 8 A. L. R. (2d) 267. If the plaintiff's damages should be found to have resulted from the defendant's negligence in this respect, then it could properly be held liable. Restatement, Torts, *s.* 411, *supra, comment* b.

We are of the opinion that the plaintiff's amendments set forth causes of action which are maintainable, and that the defendant's motion to dismiss should be denied.

*Defendant's exception overruled; motion denied.*

All concurred.