Roy CLARK and Marion E. Clark

v.

Phillip R. JACKSON.

Civ. No. 78-47.

United States District Court,
D. New Hampshire.

Sept. 8, 1978.

Ernest T. Smith, III, Concord, N.H., for plaintiffs.

Rodney L. Stark, Manchester, N.H., for defendant.

## ORDER AND OPINION

DEVINE, District Judge.

Plaintiff, a resident of Vermont, brought this action against defendant, a Massachusetts resident, seeking recovery for alleged injuries sustained in Hanover, New Hampshire, on May 8, 1975. At the time, plaintiff was employed by Jackson Construction Company, Inc., a Massachusetts corporation.

Jackson Construction held a contract with Dartmouth College for the construction of an ice arena. Plaintiff alleged his injuries occurred when a scaffold collapsed, and further alleged that defendant, a principal officer, stockholder, and employee of the construction company, breached a legal duty that he owed plaintiff to establish and enforce adequate safety regulations on the construction site.

Service was had on defendant pursuant to NH RSA 510:4(I).[1] Defendant moved to dismiss on the ground that the claim was

1. 510:4 *Nonresident defendant.*

I. Jurisdiction. Any person, who is not an inhabitant of this state, and who in person or

barred because he was immune from such suit under the workmen's compensation law of New Hampshire (RSA 281:12)[2]; and for claimed lack of jurisdiction over the defendant. Defendant also moved to dismiss (or for other relief) alleging that counsel for the plaintiff had procured portions of the compensation carrier's file by misrepresenting that these were necessary to commence action against a third party, rather than against the defendant, who was insured by the same carrier under a liability policy.

The Court heard oral argument of counsel and has examined the pleadings, the affidavit of defendant, the answers to interrogatories, and the legal memoranda.

### I. The Issue Of Defendant's Immunity

■ On its face, RSA 281:12 grants immunity in cases of this type to the employer and the employer's insurance carrier. The New Hampshire courts, however, have established exceptions, realizing that in some instances a person can be both an employer and a supervisory or fellow employee of the injured workman. Where such a situation exists, there is no immunity. *Liberty Mutual Insurance Company v. Home Insurance Indemnity Company*, 116 N.H. 12, 351 A.2d 891 (1976); *Vittum v. New Hampshire Insurance Company*, 117 N.H. 1, 369 A.2d 184 (1977); *Stevens v. Lewis*, 118 N.H. ——, 387 A.2d 637.

The primary question for decision in such cases is whether the named defendant is an "alter ego" of the corporation, that is, whether he acts solely as a corporate officer performing only a corporate responsibility, rather than as a fellow employee. *Stevens v. Lewis, supra.*

Defendant here argues that his work at Dartmouth College consisted only of regular visitations to the job site, where he conferred with the representatives of Dartmouth College, and his various supervisory employees. He alleges that he delegated to these supervisory employees the duties of safety and supervision, and that he had no personal contact with these functions. Plaintiff responds that despite these contentions, the case is not now ripe for dismissal, as the issue as presented is one of fact for the jury.

The question of immunity turns on one factor—whether defendant as the corporate alter ego assumed the responsibility of providing safe machines *personally* as a fellow employee. Which of these functions is being performed at the time is ordinarily a question of fact for the jury. Thus in a trial which contains a dispute over whether a person who is not nominally an employer is immune from suit under RSA 281:12, two questions on this point must be presented to the jury unless the evidence on either question would only support one finding as a matter of law. The jury must determine whether the defendant is the corporate alter ego, a class of persons that is very small in number. *See Vittum v. New Hampshire Ins. Co., supra* 117 N.H. at 5, 369 A.2d 187. If the jury finds that he is, it must next determine whether the function he allegedly performed negligently is a responsibility of the corporation or a responsibility of one employee to another. Unless the defendant is both the corporate alter ego and is performing a corporate responsibility, he will derive no immunity from RSA 281:12. Especially is this so in light of New Hampshire's re-

through an agent transacts any business within this state, commits a tortious act within this state, or has the ownership, use, or possession of any real or personal property situated in this state, submits himself, or his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from or growing out of the acts enumerated above.

2. 281:12 *Employees Presumed to Have Accepted.* An employee of an employer subject to this chapter shall be conclusively presumed to

have accepted the provisions hereof and to have waived his rights of action at common law to recover damages for personal injuries against his employer, or against the employer's insurance carrier as defined in RSA 281:2, VIII. The spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer, or the employer's insurance carrier, to recover for consequential damages.

strictive view of who is an "employer", and therefore exempt from suit. See *LaBonte v. Nat. Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970) and *Ransmeier, Admr. v. Camp Cody, Inc.*, 117 N.H. ——, 378 A.2d 752 (1977). *Stevens v. Lewis, supra*, 387 A.2d at 639.

Defendant also produced at hearing a recently passed piece of legislation (Senate Bill No. 52, effective June 27, 1978), the obvious effect of which is to abolish the above-cited decisions in *Liberty Mutual Insurance Company; Vittum* ; and *Stevens; supra*. This statute has no application in the instant case, and is of little assistance in determining legislative intent, for it is obvious that it is specifically designed to abrogate the above decisional doctrines. See: *Carr v. Merrimack Farmers' Exchange*, 101 N.H. 445, 146 A.2d 276 (1958). And the citations of *Miller v. Muscarelle*, 67 N.J.Super. 305, 170 A.2d 437 (1961) and *Steele v. Eaton*, 130 Vt. 1, 285 A.2d 749 (1971) cast little light upon the instant problem. In *Miller*, there were motions for involuntary dismissal granted at the close of the plaintiff's evidence, and in *Steele*, there were directed verdicts at the close of all the evidence.

■ It is clear that under the applicable New Hampshire law, the question of the defendant's immunity is a question of fact to be determined by the jury, as plaintiff here contends.

## II. The Issue Of Jurisdiction

In New Hampshire, the exercise of personal jurisdiction over non-residents extends to the full constitutional limit. The court must first consider if such exercise is reasonable from the standpoint of New Hampshire's interest in the litigation; and then must determine whether the exercise of jurisdiction is consistent with principles of fair play and substantial justice. *Leeper v. Leeper*, 114 N.H. 294, 319 A.2d 626 (1974).

■ Plaintiff here again points out that despite the defendant's contentions that he had only corporate and not personal contact with the jurisdiction, the allegations of the pleadings claim that he committed a tortious act within the meaning of RSA 510:4(I). Plaintiff says that until the factual question of defendant's immunity has been determined, it obviously follows that the jurisdictional issue cannot be determined. The Court finds this argument also to be persuasive as regards the issue of jurisdiction.

## III. The Insurance Company File

At hearing, the Court made inquiry as to the circumstances surrounding the procuring of the compensation carrier's file. Counsel represented, and the Court accepts, that the case was originally handled by Vermont counsel, and was then sent here for possible litigation against a third party. New Hampshire counsel investigated and commenced the suit against what he believed to be a third party, but additional investigation proved he was incorrect in these assumptions. He requested the compensation carrier's assistance in procuring statements from four employees of the construction company, and these were furnished to him. It was not until the instant complaint had been brought that counsel was made aware that the liability carrier for the defendant herein was the same carrier that had furnished him with these statements.

The foregoing does not outline any evidence of misrepresentation or wrongdoing on the part of counsel. It is obvious that the statements he has procured were available to him in the regular course of discovery, and no prejudice or harm has been shown as to the carrier for the present defendant.

## CONCLUSION

For the reasons hereinabove set forth, the Court finds and rules that all of the motions to dismiss should be and they hereby are denied. Of course, if at the close of plaintiff's evidence at the trial hereof it should appear that such evidence will not support the claims advanced, the Court will give serious consideration to motions for directed verdict.

SO ORDERED.