## Tim Sienkiewycz v. Michael Dressell

[561 A.2d 415]

No. 87-104

Present: **Peck, Gibson and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed April 21, 1989

*Van Buiten & Helmuth*, Burlington, for Plaintiff-Appellant.

*Edward D. Sutton* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellee.

**Barney, C.J.** (Ret.), Specially Assigned. Plaintiff-appellant was injured while employed by defendant and received a settlement under the workers' compensation law. He brought this suit against his employer on the theory that his injury was attributable to the acts of his employer while performing as a fellow employee. Defendant maintained that, under 21 V.S.A. § 622, acceptance of the workers' compensation award barred any other recovery by plaintiff. The trial court agreed and granted defendant's motion for judgment, despite a jury verdict finding defendant negligent. We affirm.

Plaintiff was hurt while working for defendant on a building project. The business of defendant was house construction and, at all times relevant to this lawsuit, he operated as an unincorpo-

rated sole proprietorship, doing business as Upright Construction Company with about eight employees.

On the occasion of the accident, defendant was filling in as job foreman in the absence of his regular foreman. The crew was putting together a two-story gable-ended wall, which was laid out on a cement slab. Upon completion the wall was to be lifted into an upright position at the end of the slab. Because of its weight, the crew was unable to lift it by hand.

A second attempt to lift the wall was made using a rope attached to a cross brace and a pickup truck. The wall was then raised part way with plaintiff and others lifting and holding braces, while the truck pulled. The rope broke. The wall fell, partly landing on plaintiff. There were no safety devices in place to check the fall, nor any mechanical lifting equipment available for the job being done.

The disposition of this appeal involves a single issue: whether the exclusivity provision of Vermont's workers' compensation statute bars recovery in the instant lawsuit. 21 V.S.A. § 622 provides:

> The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

Plaintiff argues that § 622 does not bar a suit against an employer who negligently injured an employee as he worked alongside the employee. He argues that an employee may recover against a fellow employee after acceptance of a workers' compensation award, even when the second employee is a corporate owner or officer, see *Steele v. Eaton*, 130 Vt. 1, 4, 285 A.2d 749, 751 (1971); therefore there should be a similar right against an employer who is also acting as a fellow employee. He further argues that by distinguishing between corporate and noncorporate employers, persons in like situations are treated dissimilarly, discriminated against, and denied equal protection of the laws. While plaintiff's argument has some appeal, it cannot be squared with the purposes of the workers' compensation statute.

The workers' compensation law was passed for the benefit of employees who were the victims of industrial injury. The cost, delays and complications of recovery under the old common law, with its rules relating to contributory negligence, fellow servant negligence and the like, too frequently meant that recovery for the ordinary employee was either out of reach or too little, too late. The legislature, following a national trend, set up a schedule of benefits for employee injury in a manner "expeditious and independent of proof of fault." *Morrisseau* v. *Legac,* 123 Vt. 70, 76, 181 A.2d 53, 57 (1962). In return for this surer and swifter compensation, the worker gives up his right to sue his employer. 21 V.S.A. § 622; *Libercent* v. *Aldrich,* 149 Vt. 76, 79, 539 A.2d 981, 983 (1987); *Kittell* v. *Vermont Weatherboard, Inc.,* 138 Vt. 439, 441, 417 A.2d 926, 927 (1980).*

Plaintiff's position would undermine this policy and, in effect, reintroduce common-law recovery against working employers, in spite of the exclusivity provision of 21 V.S.A. § 622. We cannot so deviate from the legislative scheme.

This case is not governed, as plaintiff asserts, by *Steele* v. *Eaton.* In *Steele,* plaintiff received a workers' compensation award for injuries sustained in an industrial accident. He then brought a negligence action against several defendants, including his employer, Otter Creek Corporation, and John Eaton, its president and principal stockholder. The claim against Otter Creek was dropped "in view of the exclusiveness of the workmen's compensation award." 130 Vt. at 2, 285 A.2d at 750. As to the claim against Eaton, the Court stated:

> Obviously, recovery cannot be had against him as employer, since he would be entitled to all the statutory defenses of an employer . . . .

*Id.* at 4, 285 A.2d at 751. The Court continued:

> [T]he acts of negligence for which he can be held responsible are not those such as a master or employer are liable for

---

* The legislature felt so strongly about the value of this statutory remedy that it provided specifically for the manner of its construction. 21 V.S.A. § 709 expressly sets aside the rule of strict construction for statutes in derogation of the common law. This is a direction to the courts to construe the statutory provisions liberally so as to effectuate their remedial purpose. *Kittell,* 138 Vt. at 440-41, 417 A.2d at 927.

under the doctrine of respondeat superior, but must be acts constituting direct negligence toward this plaintiff. The defendant, John Eaton, can be held personally liable for only those tortious or negligent acts against the plaintiff in which he participated or cooperated, or specifically directed others to do.

*Id.* See also *Libercent* v. *Aldrich,* 149 Vt. at 79, 539 A.2d at 983 (negligence actions against fellow employees are maintainable, even where those employees act in a supervisory capacity). Otter Creek was the employer in *Steele*; Eaton, acting as co-employee, was not. There is no such distinction in the case at bar. Defendant continued to be plaintiff's employer even as he worked alongside him. See *Velardi* v. *Ryder Truck Rental, Inc.*, 178 Conn. 371, 376-77, 423 A.2d 77, 80 (1979) (action by employee against employer, who was sole proprietor of catering business, for negligence in operating motor vehicle could not be maintained where employee collected workers' compensation benefits).

It may be that allowing third-party recovery against co-workers other than a proprietor will, in some cases, work hardship or unevenness in result, "but where the Legislature has determined that the benefits derived from quick and certain basic compensation outweigh those from delayed and contingent full compensation, we are unwilling to disturb this choice." *Kittell* v. *Vermont Weatherboard, Inc.*, 138 Vt. at 441, 417 A.2d at 927.

■ Plaintiff's constitutional argument is similarly unpersuasive. Plaintiff contends that the distinction between corporate and noncorporate employees should be subject to heightened scrutiny because a fundamental right is at stake. The fundamental right at stake, in plaintiff's view, is the right to a remedy for all legal wrongs guaranteed under Chapter I, Article 4 of the Vermont Constitution. Plaintiff, however, was not denied a remedy under the law; he was denied only the particular common law remedy he sought. We know of no constitutional doctrine under which employees have a fundamental right to recover for work-related injuries beyond the recovery allowed under workers' compensation. The classification need not, therefore, be justified by a compelling state interest. A rational relation between the classification and a legitimate governmental interest will suffice. See *Keller* v. *Dravo Corp.*, 441 F.2d 1239, 1241-42 (5th Cir. 1971), *cert. denied,* 404 U.S. 1017 (1972) (exclusive remedy provision of

federal Longshoremen's and Harbor Workers' Compensation Act held constitutional under rational basis test); *Benjamin* v. *Ricks,* 63 Cal. App. 3d 593, 597, 132 Cal. Rptr. 758, 760 (1976) (California statute's limitation on employee's right to recover from employer for pain and suffering held rationally related to legitimate governmental interest); *Parker* v. *Energy Development Co.,* 691 P.2d 981, 988 (Wyo. 1984) (Wyoming's exclusive remedy provision held not to violate state's equal protection clause on rational basis theory).

The distinction between corporate and noncorporate employees in this case likewise passes constitutional muster, under both federal and state constitutions, because the state interest in providing the expeditious remedy of workers' compensation is legitimate, and the classification rationally furthers that purpose.

*Affirmed.*