Theresa PHINNEY, Plaintiff, Appellant,

v.

UNITED STATES of America, Defendant, Appellee.

No. 93–1797.

United States Court of Appeals, First Circuit.

Heard Dec. 9, 1993.

Decided Feb. 3, 1994.

Edwin Paul Gale, with whom Thomas E. Craig and Thomas Craig, P.A., Manchester, NH, were on brief for appellant.

Gretchen Leah Witt, Chief, Civil Division, with whom Peter E. Papps, United States Attorney, and Elaine Marzetta Lacy, Assistant United States Attorney, Concord, NH, were on brief for appellee.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and CYR, Circuit Judge.

---

CYR, Circuit Judge.

Plaintiff-appellant Theresa Phinney was struck and injured by a backhoe operated by an employee of Middlesex Corporation, an independent contractor engaged by the United States to resurface roads at Pease Air Force Base in New Hampshire. After exhausting administrative remedies, *see* 28 U.S.C. § 2675, plaintiff brought this Federal Tort Claims Act [FTCA] suit, alleging, *inter alia,* that the United States breached a nondelegable duty of care under New Hampshire law by allowing its contractor to operate a backhoe with an inoperative safety alarm. The United States moved for summary judgment on the grounds that it has not waived sovereign immunity from suit for the torts of its contractors, *see id.* § 2671; *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), and, in any event, that the "discretionary function" exception to the FTCA, *see id.* § 2680(a), shields it from any such liability. The district court dismissed on the sovereign immunity ground, and Phinney appealed. We now affirm, substantially for the reasons stated in the unpublished district court opinion. *See Phinney v. United States,* No. 90–467–JD, slip op., 1993 WL 594344 (D.N.H. July 12, 1993).

Although appellant concedes that Middlesex was a "contractor," within the meaning of 28 U.S.C. § 2671, *see United States v. Orleans,* 425 U.S. 807, 814–15, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976), she challenges the district court ruling, under New Hampshire law, that the activity Middlesex contracted to perform for the United States was not inherently dangerous.

The district court relied primarily on *Wilson v. Nooter Corp.,* 499 F.2d 705 (1st Cir. 1974), where we held, as a matter of law, that the defendant was not liable to the injured plaintiff under the "inherent danger" exception to the New Hampshire independent contractor rule because:

the lateral movement of the boom ... was not a necessary or anticipated part of the *project.* It could, and should, have been prevented by setting the proper switch in the crane. [The plaintiff] did not allege, and the evidence does not show, that [the

defendant] knew or should have known *at the time it engaged the Ferguson crane* that the crane's operators would fail to set that switch.

*Id.* at 708 (emphasis added) (footnote omitted). Similarly, the district court in this case ruled that the United States, "when it contracted with Middlesex, had no reason to suspect or know that Middlesex would allow its employees to work with malfunctioning equipment." *Phinney,* slip op. at 8–9. Consequently, as we explained in *Wilson,* 499 F.2d at 708, the "inherent danger" exception is unavailing to appellant because it was not " 'naturally to be apprehended' " by the United States, *at the time it contracted with Middlesex,* that a backhoe with an inoperative alarm system would be used to perform the road surfacing work.

Appellant counters that *Carr v. Merrimack Farmer's Exch., Inc.,* 101 N.H. 445, 146 A.2d 276 (1958), is a case more closely in point. In *Carr,* a contractor hired by the defendant to truck baled hay piled the bales dangerously high, and the hay fell and injured the plaintiff. *Id.* 146 A.2d at 278. The New Hampshire Supreme Court first noted that transporting baled hay is not *generally* considered "inherently dangerous." *Id.* 146 A.2d at 279. The court went on to hold, however, that since the plaintiff had alleged that the defendant knew or should have known that *the bales were stacked too high,* the trucking

could ... reasonably be found to present an unreasonable risk of injury to the traveling public of such magnitude that the defendant, *assuming its knowledge of the facts or of circumstances charging it with such knowledge,* could reasonably be found under a duty to avoid it.

*Id.* (emphasis added). Appellant insists that her proffer—that the United States had actual knowledge of the malfunctioning alarm system on the backhoe—was enough to fend off summary judgment, *see Carr,* 146 A.2d at 280.

Appellant correctly notes that the court must consider the circumstances in each case in ascertaining whether the activity to be performed under the contract is inherently

dangerous. *See Wilson,* 499 F.2d at 707 n. 4 (test is an objective one). The critical considerations for present purposes are whether the United States reasonably should have known, *at the time it contracted with Middlesex,* that either the inherent nature of the work itself, *see Wilson,* 499 F.2d at 708, or the manner in which it would be performed by the contractor, *see Carr,* 146 A.2d at 279, made it unreasonably dangerous so as to render the United States' duty of care nondelegable. Other New Hampshire cases, including *Carr,* as well as the Restatement (Second) of Torts § 416 cmt. a, corroborate the *Wilson* rationale, and appellant points to no contrary New Hampshire authority.[1] Thus, although appellant proffered that the backhoe operator (appellant's husband) had informed a representative of the Pease Air Force Base Civil Engineering Department, *before the accident,* that the backhoe alarm worked only intermittently, there is no intimation that this information had been acquired by the time the United States entered into the road surfacing contract with Middlesex.

Finally, appellant argues that the contract requirement that the backhoe be equipped with an operative safety alarm "compels the conclusion that it recognized that such equipment is inherently dangerous." On the contrary, these contractual safety precautions clearly cut against the application of the New Hampshire "inherent danger" exception in these circumstances. In *Carr,* the New Hampshire Supreme Court adverted to just such contractual precautions:

> One who employs an independent contractor to do work which the employer should recognize as necessarily creating, during its progress, conditions containing an unreasonable risk of bodily harm to others unless *special precautions* are taken, is subject to liability for bodily harm caused by them by the absence of such precautions, if the employer (a) fails to provide *in the contract that the contractor should take such precautions* ... or (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

146 A.2d at 278 (quoting Restatement of the Law: Torts, § 413) (emphasis added). Thus, assuming *arguendo* that there was reason to believe, at the time the United States contracted with Middlesex, that it would be unreasonably dangerous to use a backhoe without an operative alarm system to perform the required road surfacing work, there is nothing to indicate that the United States failed "to provide in the contract that the contractor should take [special] precautions" as contemplated in *Carr,* 146 A.2d at 278.

The "inherent danger" determination respecting a particular *activity* turns on whether its proper performance entails undue risk to others, *see Wilson,* 499 F.2d at 708 (danger "not a necessary or anticipated part of the *project*"). The possibility that an employee might perform the work in a negligent fashion does not make the *activity* inherently dangerous. *See id.; Lane,* 230 A.2d at 744; Restatement (Second) of Torts § 427 cmt. d ("inherent danger" exception "has no application where the negligence of the contractor creates a new risk, not inherent in the work itself *or* in the ordinary or *prescribed* way of doing it, and not reasonably to be contemplated by the employer") (emphasis added). As appellant failed to demonstrate that this case comes within either version of the "inherent danger" exception to the New Hamp-

---

1. As *Carr,* 146 A.2d at 276, arose on motion to dismiss, the court was compelled to assume that the defendant knew, at the time the contract was made, that the bales had been stacked dangerously high. Thus, *Carr* is not in point. Further, in *Lane v. Groetz,* 108 N.H. 173, 230 A.2d 741 (1967), *decided after Carr,* the New Hampshire Supreme Court held that the "inherent danger" exception did not apply where the plaintiff's decedent fell on a path in the snow shoveled by the defendant's contractor, since "it was not a 'necessary and anticipated part of the work' which the [defendant] sought to have done, that the path should cross the street drain, and this consequence of causing the path to be made was not 'naturally to be apprehended' *in advance.*" *Id.* 230 A.2d at 744, *citing Thomas v. Harrington,* 72 N.H. 45, 54 A. 285 (1903) (emphasis added); *see Carr,* 146 A.2d at 279. Similarly, the Restatement (Second) of Torts states that: "[the inherent danger exception is a form of the rule that] the employer remains liable for injuries resulting from dangers which he should contemplate *at the time that he enters into the contract,* and cannot shift to the contractor the responsibility for such dangers, or for taking precautions against them." Restatement (Second) of Torts at § 416 cmt. a (emphasis added).

shire independent contractor rule, *see Wilson,* 499 F.2d at 708; *Carr,* 146 A.2d at 276, summary judgment was proper.[2]

Since the United States has not waived its sovereign immunity from suit for the torts of its independent contractors, and Phinney failed to demonstrate a trialworthy issue as to whether the United States owed her an independent nondelegable duty under New Hampshire law, the district court correctly dismissed the FTCA action for lack of subject matter jurisdiction.

*Affirmed.*

2.  Therefore, we take no view of the "discretionary function" argument advanced by the government or of the related discussion in *Clark v.* *United States Dep't of the Army,* 805 F.Supp. 84 (D.N.H.1992).