USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 93-1797 THERESA PHINNEY, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Edwin Paul Gale, with whom Thomas E. Craig and Thomas Craig, P.A. _______________ _______________ __________________ were on brief for appellant. Gretchen Leah Witt, Chief, Civil Division, with whom Peter E. ___________________ ________ Papps, United States Attorney, and Elaine Marzetta Lacy, Assistant _____ _____________________ United States Attorney, were on brief for appellee. ____________________ February 3, 1994 ____________________ Cyr, Circuit Judge. Plaintiff-appellant Theresa Cyr, Circuit Judge. _______________ Phinney was struck and injured by a backhoe operated by an employee of Middlesex Corporation, an independent contractor engaged by the United States to resurface roads at Pease Air Force Base in New Hampshire. After exhausting administrative remedies, see 28 U.S.C. 2675, plaintiff brought this Federal ___ Tort Claims Act [FTCA] suit, alleging, inter alia, that the _____ ____ United States breached a nondelegable duty of care under New Hampshire law by allowing its contractor to operate a backhoe with an inoperative safety alarm. The United States moved for summary judgment on the grounds that it has not waived sovereign immunity from suit for the torts of its contractors, see id. ___ ___ 2671; United States v. Testan, 424 U.S. 392, 399 (1976), and, _____________ ______ in any event, that the "discretionary function exception" to the FTCA, see id. 2680(a), shields it from any such liability. The ___ ___ district court dismissed on the sovereign immunity ground, and Phinney appealed. We now affirm, substantially for the reasons stated in the unpublished district court opinion. See Phinney v. ___ _______ United States, No. 90-467-JD, slip op. (D. N.H. July 12, 1993). _____________ Although appellant concedes that Middlesex was a "contractor," within the meaning of 28 U.S.C. 2671, see United ___ ______ States v. Orleans, 425 U.S. 807, 814-15 (1976), she challenges ______ _______ the district court ruling, under New Hampshire law, that the 2 activity Middlesex contracted to perform for the United States was not inherently dangerous. The district court relied primarily on Wilson v. Nooter ______ ______ Corp., 499 F.2d 705 (1st Cir. 1974), where we held, as a matter _____ of law, that the defendant was not liable to the injured plain- tiff under the "inherent danger" exception to the New Hampshire independent contractor rule because: the lateral movement of the boom . . . was not a necessary or anticipated part of the project. It could, and should, have been _______ prevented by setting the proper switch in the crane. [The plaintiff] did not allege, and the evidence does not show, that [the defen- dant] knew or should have known at the time __ ___ ____ it engaged the Ferguson crane that the crane- __ _______ ___ ________ _____ 's operators would fail to set that switch. Id. at 708 (emphasis added) (footnote omitted). Similarly, the ___ district court in this case ruled that the United States, "when it contracted with Middlesex, had no reason to suspect or know that Middlesex would allow its employees to work with malfunc- tioning equipment." Phinney, slip op. at 8-9. Consequently, as _______ we explained in Wilson, 499 F.2d at 708, the "inherent danger" ______ exception is unavailing to appellant because it was not "'natu- rally to be apprehended'" by the United States, at the time it __ ___ ____ __ contracted with Middlesex, that a backhoe with an inoperative __________ ____ _________ alarm system would be used to perform the road surfacing work. Appellant counters that Carr v. Merrimack Farmer's ____ ___________________ Exch., Inc., 146 A.2d 276 (N.H. 1958), is a case more closely in ___________ point. In Carr, a contractor hired by the defendant to truck ____ 3 baled hay piled the bales dangerously high, and the hay fell and injured the plaintiff. Id. at 278. The New Hampshire Supreme ___ Court first noted that transporting baled hay is not generally _________ considered "inherently dangerous." Id. at 279. The court went ___ on to hold, however, that since the plaintiff had alleged that the defendant knew or should have known that the bales were ___ _____ ____ stacked too high, the trucking _______ ___ ____ could . . . reasonably be found to present an unreasonable risk of injury to the traveling public of such magnitude that the defendant, assuming its knowledge of the facts or of ________ ___ _________ __ ___ _____ __ __ circumstances charging it with such knowl- _____________ ________ __ ____ ____ ______ edge, could reasonably be found under a duty ____ to avoid it. Id. (emphasis added). Appellant insists that her proffer ___ that the United States had actual knowledge of the malfunctioning alarm system on the backhoe was enough to fend off summary judgment, see Carr, 146 A.2d at 280. ___ ____ Appellant correctly notes that the court must consider the circumstances in each case in ascertaining whether the activity to be performed under the contract is inherently danger- ous. See Wilson, 499 F.2d at 707 n.4 (test is an objective one). ___ ______ The critical considerations for present purposes are whether the United States reasonably should have known, at the time it __ ___ ____ __ contracted with Middlesex, that either the inherent nature of the __________ ____ _________ work itself, see Wilson, 499 F.2d at 708, or the manner in which ___ ______ it would be performed by the contractor, see Carr, 146 A.2d at ___ ____ 279, made it unreasonably dangerous so as to render the United 4 States' duty of care nondelegable. Other New Hampshire cases, including Carr, as well as the Restatement (Second) of Torts ____ 416 cmt. a, corroborate the Wilson rationale, and appellant ______ points to no contrary New Hampshire authority.1 Thus, although appellant proffered that the backhoe operator (appellant's husband) had informed a representative of the Pease Air Force Base Civil Engineering Department, before the accident, that the ______ ___ ________ backhoe alarm worked only intermittently, there is no intimation that this information had been acquired by the time the United States entered into the road surfacing contract with Middlesex. Finally, appellant argues that the contract requirement that the backhoe be equipped with an operative safety alarm "compels the conclusion that it recognized that such equipment is ____________________ 1As Carr, 146 A.2d at 276, arose on motion to dismiss, the ____ court was compelled to assume that the defendant knew, at the time the contract was made, that the bales had been stacked dangerously high. Thus, Carr is not in point. Further, in Lane ____ ____ v. Groetz, 230 A.2d 741 (N.H. 1967), decided after Carr, the New ______ _______ _____ ____ Hampshire Supreme Court held that the "inherent danger" exception did not apply where the plaintiff's decedent fell on a path in the snow shoveled by the defendant's contractor, since "it was not a 'necessary and anticipated part of the work' which the [defendant] sought to have done, that the path should cross the street drain, and this consequence of causing the path to be made was not 'naturally to be apprehended' in advance." Id. at 744, __ _______ ___ citing Thomas v. Harrington, 54 A. 285 (N.H. 1903) (emphasis ______ ______ __________ added); see Carr, 146 A.2d at 279. Similarly, the Restatement ___ ____ (Second) of Torts states that: "[the inherent danger exception is a form of the rule that] the employer remains liable for injuries resulting from dangers which he should contemplate at __ the time that he enters into the contract, and cannot shift to ___ ____ ____ __ ______ ____ ___ ________ the contractor the responsibility for such dangers, or for taking precautions against them." Restatement (Second) of Torts at 416 cmt. a (emphasis added). 5 inherently dangerous." On the contrary, these contractual safety precautions clearly cut against the application of the New Hampshire "inherent danger" exception in these circumstances. In Carr, the New Hampshire Supreme Court adverted to just such ____ contractual precautions: One who employs an independent contractor to do work which the employer should recognize as necessarily creating, during its progress, conditions containing an unreasonable risk of bodily harm to others unless special precau- _______ _______ tions are taken, is subject to liability for _____ bodily harm caused by them by the absence of such precautions, if the employer (a) fails to provide in the contract that the contrac- __ ___ ________ ____ ___ ________ tor should take such precautions . . . or (b) ___ ______ ____ ____ ___________ fails to exercise reasonable care to provide in some other manner for the taking of such precautions. 146 A.2d at 278 (quoting Restatement of the Law: Torts, 413) (emphasis added). Thus, assuming arguendo that there was reason ________ to believe, at the time the United States contracted with Middlesex, that it would be unreasonably dangerous to use a backhoe without an operative alarm system to perform the required road surfacing work, there is nothing to indicate that the United States failed "to provide in the contract that the contractor should take [special] precautions" as contemplated in Carr, 146 ____ A.2d at 278. The "inherent danger" determination respecting a parti- cular activity turns on whether its proper performance entails ________ undue risk to others, see Wilson, 499 F.2d at 708 (danger "not a ___ ______ necessary or anticipated part of the project"). The possibility _______ 6 that an employee might perform the work in a negligent fashion does not make the activity inherently dangerous. See id.; Lane, ________ ___ ___ ____ 230 A.2d at 744; Restatement (Second) of Torts 427 cmt. d ("inherent danger" exception "has no application where the negligence of the contractor creates a new risk, not inherent in the work itself or in the ordinary or prescribed way of doing it, __ __________ and not reasonably to be contemplated by the employer") (emphasis added). As appellant failed to demonstrate that this case comes within either version of the "inherent danger" exception to the New Hampshire independent contractor rule, see Wilson, 499 F.2d ___ ______ at 708; Carr, 146 A.2d at 276, summary judgment was proper.2 ____ Since the United States has not waived its sovereign immunity from suit for the torts of its independent contractors, and Phinney failed to demonstrate a trialworthy issue as to whether the United States owed her an independent nondelegable duty under New Hampshire law, the district court correctly dismissed the FTCA action for lack of subject matter jurisdic- tion. Affirmed. Affirmed. ________ ____________________ 2Therefore, we take no view of the "discretionary function" argument advanced by the government or of the related discussion in Clark v. United States Dep't of the Army, 805 F. Supp. 84 _____ _________________________________ (D. N.H. 1992). 7