Sandra MITCHELL

v.

BURRILLVILLE RACING
ASSOCIATION et al.

No. 95–53–Appeal.

Supreme Court of Rhode Island.

March 29, 1996.

Merrill J. Friedemann, Providence, Aram R. Schrefrin, for Plaintiff.

Jessica Papazian–Ross, Kevin D. Holley, Jeffrey S. Michaelson, Julius Michaelson, Providence, for Defendants.

## OPINION

PER CURIAM.

This case came before a hearing panel of this court for oral argument February 20, 1996, pursuant to an order that had directed all parties to appear and show cause why the issues raised by the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the plaintiff's appeal should be decided at this time.

The plaintiff, Sandra Mitchell, appeals from the entry of summary judgments in favor of defendants Burrillville Racing Association (Burrillville), Wembly, Inc., and Wembly PLC and from the dismissal of her action in respect to Lincoln Greyhound Park and Taunton Greyhound Association, Inc., due to lack of personal jurisdiction over these defendants.

Affidavits presented to the motion justice indicated that plaintiff had been employed by Burrillville Racing Association as a parimutuel clerk during the year 1991. It is undisputed that on January 11, 1991, plaintiff was injured by a fall in the parking lot of Lincoln Greyhound Park when she slipped on a patch of ice. Thereafter, plaintiff filed a petition for workers' compensation against United Track Racing, Inc., which owned Lincoln Greyhound Park through its subsidiary, Burrillville. The same insurance carrier covered both United Track Racing, Inc., and Burrillville. Compensation was paid to plaintiff.

■ In light of the uncontradicted affidavit filed by Burrillville, the motion justice entered judgment for that entity since it would be immune from suit as plaintiff's employer who had paid workers' compensation benefits. General Laws 1956 § 28–29–20.

In so holding, the motion justice was clearly correct since there was no issue of material fact raised concerning the employment of plaintiff by Burrillville.

■ In respect to Wembly, Inc., and Wembly PLC, the trial justice held that mere stock ownership in a company does not submit the stockholder to a claim for negligence against the employing company. Although the exclusivity provision of § 28–29–20 does not include stockholders but "directors, officers, agents, or employees," the "clearest case for immunity is that in which the defendant's alleged liability is predicated entirely upon his [or its] status as stockholder, and not upon some active conduct on his [or its] part." 2A Larson, *Workmen's Compensation Law*, § 72–13 at 14–103 (1995). *See also Steele v. Eaton*, 130 Vt. 1, 285 A.2d 749 (1971), in which the Supreme Court of Vermont denied recovery to an employee who had brought action against the owner of the overwhelming majority of stock in the employer corporation. The rationale was that a stockholder, in the absence of active negligence on his or its part, was entitled to the benefit of the exclusive-remedy provision of the applicable statute. 130 Vt. at 4, 285 A.2d at 751. We are of the opinion that stockholders, even more than corporate officers, should be entitled to protection against suits for negligence on the part of the corporate employer. *See Greco v. Farago*, 477 A.2d 98, 100–01 (R.I.1984).

■ In respect to Wembly, Inc.; Wembly PLC, and Taunton Greyhound Association, Inc., the motion justice also indicated in his oral decision that defendants were entitled to dismissal on the ground of lack of personal jurisdiction. We are of the opinion that on the basis of the record presented, the motion justice was correct in so holding. Under our long-arm statute, G.L.1956 § 9–5–33, the mere ownership of stock in a Rhode Island corporation does not satisfy the requirements of minimum contacts with this state. If mere stock ownership could subject an individual to being hailed into court in any jurisdiction in which a corporation did business, the notion of due process set forth in *World–Wide*

*Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–94, 100 S.Ct. 559, 564–66, 62 L.Ed.2d 490, 497–500 (1980), would be rendered ineffective. The Superior Court also held that Lincoln Greyhound Park was not an entity capable of being sued. The record presented to the motion justice clearly indicated that Lincoln Greyhound Park was merely a trade name under which Burrillville did business.

■ In light of the motion justice's finding of lack of personal jurisdiction over defendant Wembly PLC, Wembly, Inc., and Taunton Greyhound Association, entry of summary judgment in regard to those defendants was inappropriate even though they might well have been entitled to summary judgment as mere stockholders if they were properly before the court. In the absence of personal jurisdiction, the court was not authorized to enter summary judgment on behalf of those defendants. Summary judgment is a final judgment on the merits of the controversy as opposed to a dismissal pursuant to Rule 12(b)(2) of the Superior Court Rules of Civil Procedure. *See McKenney v. Kenyon Piece Dye Works, Inc.,* 582 A.2d 107, 107 (R.I.1990); *Fisher v. Sun Underwriters Insurance Co.,* 55 R.I. 175, 182, 179 A. 702, 705–06, 103 A.L.R. 1097, 1101 (1935). We shall therefore treat the summary judgments entered by the trial justice in respect to these defendants as judgments of dismissal for want of personal jurisdiction pursuant to Rule 12(b)(2). The trial justice may well have been misled by the memoranda of the parties defendant, who argued lack of personal jurisdiction in support of their motions for summary judgment.

■ The plaintiff's claim that she should have been allowed further discovery on the issue of jurisdictional facts or on the merits of the substantive issues is unavailing since at no point did she seek the opportunity for further discovery pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure. Such a request would necessarily have been required to have been accompanied by an affidavit showing good cause. No such request accompanied by an affidavit was filed. *Mill Factors Corp. v. L.S. Building Supplies, Inc.,* 103 R.I. 675, 679, 240 A.2d 720, 722 (1968).

For the reasons stated, the plaintiff's appeal is sustained in part and denied in part; the entry of summary judgment in respect to those defendants over whom the court had no personal jurisdiction is vacated. The granting of motions to dismiss for lack of personal jurisdiction in regard to Wembly, Inc.; Wembly PLC, and Taunton Greyhound Association is affirmed. The entry of summary judgment in favor of Burrillville Racing Association is affirmed. The papers in the case may be remanded to the Superior Court.

BOURCIER, J., not participating.