### Michael D. Kittell v. Vermont Weatherboard, Inc.

[417 A.2d 926]

No. 182-79

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed June 10, 1980

*Cornelius O. Granai* and *Charles S. Martin,* Barre, for Plaintiff.

*Leo A. Bisson, Jr.,* of *Downs, Rachlin & Martin,* St. Johns-bury, for Defendant.

**Per Curiam.** This is an appeal from a decision of the La-moille Superior Court that dismissed plaintiff's complaint on the ground that Vermont's Workmen's Compensation Act, 21 V.S.A. ch. 9, provides the exclusive remedy for his injury. In his complaint, plaintiff alleged that he was an inexperienced workman set to work without instruction or warnings at a multiple saw end trim from which the defendant employer had stripped all safety devices. While operating the saw, a splinter flew into plaintiff's eye and penetrated his head, caus-ing severe injuries. These injuries, plaintiff alleges, were due solely to defendant's wanton and wilful acts and omissions.

The question presented is not whether plaintiff can recover an award for these injuries in any forum, but whether his complaint pleads a cause of action outside the scope of the Workmen's Compensation Act, thus entitling him to an award in the common-law courts. Section 622 of Title 21 makes the Workmen's Compensation Act the exclusive remedy for all injuries within the scope of the Act. The Act's coverage ex-tends to "personal injury *by accident* arising out of and in the course of . . . employment . . . ." 21 V.S.A. § 618 (emphasis added). Therefore, we must determine whether plaintiff's allegation of wilful and wanton conduct leading to a sudden but foreseeable injury constitutes "personal injury by acci-dent" within section 618. If it does, the Act applies and the case was properly dismissed; if not, the Act would not apply, and plaintiff would be entitled to his common-law remedy.

The Legislature has provided the following guidance for construing the Workmen's Compensation Act:

> In construing the provisions of this chapter, the rule of law that statutes in derogation of the common law are to be strictly construed shall not be applied. The provisions of this chapter shall be so interpreted and construed as to effect its general purpose to make uniform the law of those states which enact it.

21 V.S.A. § 709. The fact that workmen's compensation is in derogation of common-law remedies is not, therefore, grounds for limiting the scope of the Act. Furthermore, any construc-

tion we place on this Act should serve the general purpose of harmonizing the law of workmen's compensation.

The overwhelming weight of authority in other jurisdictions is that "the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." 2A A. Larsen, Workmen's Compensation Law § 78.13, at 13-5 (1976), and cases cited *id.* at n.11. Nothing short of a specific intent to injure falls outside the scope of the Act. 2A A. Larsen, *supra,* § 68.13; accord, e.g., *Duncan* v. *Perry Packing Co.,* 162 Kan. 79, 86, 174 P.2d 78, 83 (1946); *Wilkinson* v. *Achber,* 101 N.H. 7, 9–10, 131 A.2d 51, 53 (1957); *Santiago* v. *Brill Monfort Co.,* 10 N.Y.2d 718, 718, 176 N.E.2d 835, 835, 219 N.Y.S.2d 266, 266 (1961); *Duk Hwan Chung* v. *Fred Meyer, Inc.,* 276 Or. 809, 813, 556 P.2d 683, 685 (1976); *Foster* v. *Allsop Automatic, Inc.,* 86 Wash. 2d 579, 581–84, 547 P.2d 856, 857–59 (1976) (en banc); see Annot., 96 A.L.R.3d 1064 (1979). But see *Mandolidis* v. *Elkins Industries, Inc.,* — W. Va. —, 246 S.E.2d 907, 96 A.L.R.3d 1035 (1978). Absent such specific intent, the right to benefits under the Act, and thus the triggering of the exclusivity rule of section 622, "depends on one simple test: Was there a work-connected injury?" 1 A. Larsen, *supra,* § 2.10 (1978). Plaintiff's complaint admits that there was.

"The purpose of the workmen's compensation law is to provide, not only for the employees a remedy which is both expeditious and independent of proof of fault, but also for employers, a liability which is limited and determinate." *Morrisseau* v. *Legac,* 123 Vt. 70, 76, 181 A.2d 53, 57 (1962). These purposes are best served by allowing the remedial system which the Legislature has created a broad sphere of operation. We are not unmindful that in individual cases this may work some hardship, but where the Legislature has determined that the benefits derived from quick and certain basic compensation outweigh those from delayed and contingent full compensation, we are unwilling to disturb this choice.

*Judgment affirmed.*