### Lawrence Garrity v. William Manning

[671 A.2d 808]

No. 94-222

Opinion Filed January 5, 1996

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

*Harry A. Black* of *Black Black & Davis*, White River Junction, for Plaintiff-Appellant.

*Lisa Chalidze* of *Hull, Webber & Reis*, Rutland, for Defendant-Appellee.

**Dooley, J.** Plaintiff Lawrence Garrity was employed as a truck driver at Hartford Oil Company and was injured when he slipped and fell on a snow- and ice-covered parking lot at his place of employment. After receiving workers' compensation benefits, he sued William Manning, president and majority stockholder of Hartford Oil Company, alleging that defendant negligently failed to sand the parking lot or make arrangements for someone else to do so. Concluding that plaintiff's exclusive remedy was fulfilled by the receipt of workers' compensation benefits, the Windsor Superior Court granted summary judgment to defendant. We affirm.

The facts bearing on summary judgment were derived from plaintiff's deposition and defendant's affidavit and answers to inter-

rogatories. They show that Hartford Oil Company is a small business with "several employees," all subject to the supervision of defendant. Apparently, various employees cleared the parking lot of ice and snow or made it less slippery by sanding or salting. According to defendant, he assisted in maintaining the parking lot of the corporation's premises, including sometimes by salting or sanding the lot. According to defendant's answers to plaintiff's interrogatories, defendant did the plowing and sanding "primarily" using his personal truck. Plaintiff slipped and fell in the parking lot while crossing to the company office from where he had parked the company truck.

Defendant's motion for summary judgment is based on 21 V.S.A. §§ 622 and 624(a), which state:

§ 622. Right to compensation exclusive

The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury.

§ 624. Dual liability; claims, settlement procedure

(a) Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability to pay the resulting damages in some person other than the employer, the acceptance of compensation benefits or the commencement of proceedings to enforce compensation payments shall not act as an election of remedies, but the injured employee or the employee's personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. . . .

These two sections establish that an injured employee who has received workers' compensation benefits may not bring a common-law negligence action against the employer, but may bring such an action against any other party. *Lorrain v. Ryan*, 160 Vt. 202, 211, 628 A.2d 543, 549 (1993). For purposes of the workers' compensation statute, the term "employer" is defined to include "any body of persons, corporate or unincorporated, public or private." 21 V.S.A. § 601(3).

Plaintiff argues that because his employer is Hartford Oil Company, and not its president or majority stockholder, there is no barrier against suing defendant for personal negligence. Defendant's position is more complicated. Its nucleus is that plaintiff's suit is an improper evasion of the immunity of the employer because plaintiff is really trying to enforce the employer's duty to provide a safe place to work against defendant, its officer and stockholder.

Both parties cite as controlling precedent our decision in *Steele v. Eaton*, 130 Vt. 1, 285 A.2d 749 (1971). As in this case, the defendant in *Steele* was president and principal owner of a corporation that employed the plaintiff. The plaintiff was injured when he slipped and his shirt, and eventually his fingers, were pulled into the uncovered gears of a wood-chipping machine. He alleged that the defendant, who was not at the site and went to this operation only three times per year, was negligent because he knew that the chipper was being operated without a safety cover over the gears and did nothing about it.

Our analysis began with the observation that the defendant could not, consistent with 21 V.S.A. § 622, be held liable as the master or employer under a theory of respondeat superior with respect to the manager of the mill where the plaintiff was injured. *Id.* at 4, 285 A.2d at 751. We stated that the defendant could be liable only for "acts constituting direct negligence toward this plaintiff," that is, "tortious or negligent acts against the plaintiff in which he participated or cooperated, or specifically directed others to do." *Id.*

Noting the importance of maintaining a "distinction between personal liability and employer liability" to avoid double recovery against the employer, *id.* at 5, 285 A.2d at 752, and the defendant's "established close identity with the corporation itself," *id.* at 6, 285 A.2d at 752, we held that the allegations of negligence lacked "the immediacy of participation" that justified recovery against the defendant as a fellow servant. *Id.* at 6, 285 A.2d at 753. We quoted from a decision of a New Jersey appellate court, which held that consequences of neglect of safety precautions by a corporation cannot be indirectly saddled on it through suits against officers and directors who failed to take the appropriate affirmative action. *Id.*

■ Plaintiff in this case argues that the evidence shows the active participation by defendant in the activity, i.e., sanding, which we found not to exist in *Steele*. Defendant stresses that in both this case and *Steele*, plaintiff relies on a breach of the employer's duty to provide a

safe place to work, and in both, liability is premised on inaction, not negligent action. We agree with defendant's position.

*Steele* is not a holding that officers or managerial personnel cannot be sued because of the employer's immunity. See *Libercent v. Aldrich*, 149 Vt. 76, 79, 539 A.2d 981, 983 (1987) (acceptance of workers' compensation will not bar worker from maintaining subsequent negligence action against supervisory co-workers). Its purpose, instead, is to define those instances where suits against officers, directors or shareholders would, in effect, deprive the corporation of the benefit of its bargain with an employee to provide workers' compensation benefits as the exclusive response to a workplace injury. Thus, it sought to align the theory of liability with the theory used to avoid the workers' compensation exclusivity bar.

On reflection, particularly in light of the facts of this case, we find the distinctions drawn in *Steele* to be unworkable, especially for a small business like that involved here. If a corporation is so small that the president is directly involved in making the workplace safe by sanding the parking lot, *Steele*'s focus on the immediacy of participation of the officer turns the exclusive remedy provision into an illusion.

*Steele* is an early decision that precedes most of the evolution of the law on officer, director and stockholder liability in states that allow injured workers to sue co-employees.[1] Rather than turning on the "immediacy of participation" of the defendant, the more modern cases have looked to the nature of the duty that the plaintiff alleges is breached. Where the duty is that of the employer and is nondelegable, courts have generally held that the suit cannot be maintained because it is actually against the employer. See *Athas v. Hill*, 458 A.2d 859, 864-66 (Md. Ct. Spec. App. 1983) (categorizing decisions).

This rule is often called the "Wisconsin rule" and was first developed in the leading case of *Kruse v. Schieve*, 213 N.W.2d 64 (Wis. 1973), which involves facts similar to those in *Steele*. The Wisconsin Supreme Court reasoned that the duty to provide a safe place to work is that of the employer and cannot be delegated to others. *Id.* at 67.

---

[1] Only three other states, Arkansas, Missouri and Maryland, now limit immunity to employers only. See 2A A. Larson, Law of Workmen's Compensation § 72.11, at 14-85 (1995). Each of these states has adopted the Wisconsin rule, as described in the text. See *Barnes v. Wilkiewicz*, 783 S.W.2d 36, 38 (Ark. 1990); *Athas v. Hill*, 458 A.2d 859, 866 (Md. Ct. Spec. App. 1983), *aff'd*, 476 A.2d 710, 718 (Md. 1984); *Tauchert v. Boatmen's Nat'l Bank*, 849 S.W.2d 573, 574 (Mo. 1993) (en banc) (per curiam). Much of the law in this area has been made in states, like Wisconsin, which no longer allow a co-employee suit by a worker who has received workers' compensation.

The court held that something more than a breach of this duty must be alleged to impose liability on an officer or supervisory employee.[2] *Id.* Most cases after *Kruse* have adopted its rule that a worker who receives workers' compensation benefits is barred from suing individual officers, directors and stockholders for conduct that amounts to a breach of the corporate employer's duty to provide a safe place to work. See 2A A. Larson, Law of Workmen's Compensation § 72.13, at 14-105 to -111 (1995).

As discussed in our criticism of *Steele*, there is a strong policy reason to adopt the Wisconsin rule. A corporation must act through people. See *McGann v. Capital Savings Bank & Trust Co.*, 117 Vt. 179, 183, 89 A.2d 123, 126 (1952) (corporations can do business "only through officers or agents"); *Rounds v. Standex Int'l*, 550 A.2d 98, 102 (N.H. 1988); *Greco v. Farago*, 477 A.2d 98, 99 (R.I. 1984). In all cases, an injured worker can identify a person who is responsible to the corporation for discharging the particular responsibility the worker claims was breached and sue that person rather than the corporation. The effect is to make officers, directors and stockholders targets of suits that would otherwise be filed against the corporation, an undesirable result. See *Rounds*, 550 A.2d at 102. To the extent such a suit is maintained against an officer, director or stockholder for an accident arising out of unsafe conditions at the place of employment, the corporation is often required to indemnify, imposing double liability on the employer in most cases. See *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 180 (Mo. Ct. App. 1982). This effect is particularly pronounced for a small, closely held corporation where the stockholders serve as officers and directors and routinely discharge corporate functions directly.

The Wisconsin rule is also consistent with our policy on responsibility for workplace safety. We have recognized the common-law duty on the employer to provide the employee a safe place to work. See *Landing v. Town of Fairlee*, 112 Vt. 127, 129, 22 A.2d 179, 180 (1941). The duty is now covered by statute, which requires employers to furnish employees "a place of employment . . . free from recognized hazards . . . likely to cause death or significant physical harm to . . . employees." 21 V.S.A. § 223(a).

---

[2] *Kruse* applies to any supervisory employee who is discharging a responsibility of the employer. See *Zurich Ins. Co. v. Scofi*, 366 So. 2d 1193, 1195 (Fla. Dist. Ct. App. 1979) (although most cases deal with liability of officer, director or stockholder, rationale extends to any supervisor who "has committed no affirmative act of negligence going beyond the scope of his employer's nondelegable duty"). We do not decide whether we would similarly extend the rationale to all supervisory employees.

■   We adopt the Wisconsin rule as consistent with the result in *Steele*, but with a rationale that is more workable for future cases. Thus, we agree with the analysis that:

> [I]t is clear that the negligence of the employer or supervisor which increases the risk to another employee is not the touchstone of common law liability. The key question is whether that negligence occurred in the pursuance of the obligation owed the employer or whether that negligence occurred in a different context, that of a co-employee. . . . [I]t is only when an officer or supervisor breaches a personal duty, as contrasted to a breach of duty owed primarily to the employer, that the policy of the worker's compensation act permits a recovery from the officer or supervisor as the third-party defendant.

*Gerger v. Campbell*, 297 N.W.2d 183, 186 (Wis. 1980). Rather than looking to the "immediacy of participation" of the officer, director or stockholder, we must look to the nature of the obligation the plaintiff alleges has been breached. As long as a corporate duty is in issue, immunity exists whether the officer fails to discharge it or actually does so in a negligent manner. See *Rounds*, 550 A.2d at 102.

■   This is not a per se rule against third-party recovery from corporate officers for workplace injuries. If a corporate officer acts as a co-employee and is negligent in discharging a duty, apart from a nondelegable duty of the corporation, the employer's immunity does not insulate the officer from liability.[3] Numerous cases from Missouri, one of the three other states that still allow co-employee liability, demonstrate how the rule works in practice. For example, in *Craft v. Scaman*, 715 S.W.2d 531 (Mo. Ct. App. 1986), a machine in a factory became disabled because a flange on a spool separated from its cylinder. In order to allow the machine to operate with the plaintiff at the controls, the defendant, who was also the corporation president, propped up the spool with a board while it was spinning. The resulting friction caused a flash fire that engulfed the plaintiff in flames. The court found that the employer's immunity did not apply to the officer because he breached his common-law duty to exercise reasonable

---

[3] We need not decide today how we would define precisely when an officer, director, or stockholder acts as a co-employee and breaches a personal duty. It must be "sorted out on a case-by-case basis." *State ex rel. Badami v. Gaertner*, 630 S.W.2d 175, 181 (Mo. Ct. App. 1982).

care in handling a dangerous instrumentality, a duty different from the corporation's duty to provide a safe place to work. *Id.* at 537-38; see also *Workman v. Vader*, 854 S.W.2d 560, 564 (Mo. Ct. App. 1993) (no immunity where defendant co-employee was negligent in handling packing materials on which plaintiff slipped); *Tauchert v. Boatmen's Nat'l Bank*, 849 S.W.2d 573, 574 (Mo. 1993) (no immunity where defendant foreman unsuccessfully rigged elevator hoist and elevator fell on plaintiff); *Biller v. Big John Tree Transplanter Mfg. & Truck Sales, Inc.*, 795 S.W.2d 630, 634 (Mo. Ct. App. 1990) (no immunity where corporation president ran over plaintiff with tree-transplanting machine).

On the other hand, the Missouri courts have found immunity in cases similar to this where only the duty to provide a safe place to work is involved. In *State ex rel. Feldman v. Lasky*, 879 S.W.2d 783 (Mo. Ct. App. 1994), the plaintiff alleged that the defendant failed to properly salt, shovel or de-ice an exterior walkway on which the plaintiff slipped. The court found that the allegations failed to show a personal duty apart from the employer's duty to provide a safe workplace. *Id.* at 785-86.

Plaintiff's action here is based on a breach of the duty to provide a safe place to work. He attempts to distinguish *Steele* based on defendant's personal participation in sanding the parking lot in the past. As we have now explained, this is a distinction without a difference because it is the nature of the duty, not the extent of the officer's involvement in it, that is determinative. Even if defendant had actually plowed the parking lot on the day in question, but left unplowed the spot on which plaintiff fell, the workers' compensation immunity would attach. Nothing in plaintiff's complaint, or the factual showing made in response to the motion for summary judgment, demonstrates a personal duty on defendant apart from the duty of the employer, Hartford Oil Company, to provide plaintiff a safe place in which to work.

Summary judgment is appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See *Nationwide Mut. Fire Ins. Co. v. Lajoie*, 163 Vt. 619, 619, 661 A.2d 85, 85 (1995). Although there are factual differences in this case, no genuine issue of material fact exists. Defendant is entitled to judgment as a matter of law.

*Affirmed.*