### Richard D. DUNHAM v. Douglas CHASE and Patrick Kelley

[674 A.2d 1279]

No. 94-318

February 26, 1996. Plaintiff Richard Dunham appeals an order granting defendant Patrick Kelley's motion for summary judgment in an action to recover damages for workplace injuries. We affirm.

In August 1989, plaintiff was seriously injured while working in the service department of Kelley Chrysler, Plymouth, Dodge, Inc. (Kelley, Inc.) when a fellow employee, Daniel Wirta, drove a customer's car with its hood open into a service bay and hit plaintiff. This was not the first time Wirta had driven a car in the service area while its hood was up, though doing so violated the company's safety policy. Plaintiff received workers' compensation benefits for his injuries. He then sued Patrick Kelley, the principal stockholder and president of Kelley, Inc., and the dealership's service manager, Douglas Chase, for negligent supervision. Kelley moved for summary judgment, arguing that he was not personally liable to plaintiff because he had not participated in the actions that caused plaintiff's injuries. Plaintiff thereafter sought to amend his complaint to add a claim of negligent entrustment. The court granted Kelley's summary judgment motion, and plaintiff moved for reconsideration because the court had not ruled on plaintiff's motion to add the negligent entrustment claim. The court granted the motion to amend nunc pro tunc, denied the motion to reconsider, and granted plaintiff's motion for entry of a final judgment with respect to Kelley under V.R.C.P. 54(b).

Plaintiff argues that summary judgment was improper because a reasonable jury could find Kelley individually liable for (1) negligently supervising Wirta, or (2) negligently entrusting Wirta with the car he drove into plaintiff. When reviewing summary judgment orders, we employ the same standard as the trial court. *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180, 656 A.2d 984, 988 (1995). Summary judgment should be granted when the materials before the court show that there is no genuine issue of material fact and any party is entitled to judgment as a matter of law. V.R.C.P. 56(c); see *Price v. Leland*, 149 Vt. 518, 521, 546 A.2d 793, 796 (1988).

As a general rule, workers' compensation is the exclusive remedy for workplace injuries. 21 V.S.A. § 622. Under the law, employees gain an expeditious remedy without the burden of proving fault; in exchange, employers' liability is limited. *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441, 417 A.2d 926, 927 (1980) (per curiam). There is an exception to the exclusivity rule: when a compensable injury is caused under circumstances creating a legal liability in a person other than the employer, an injured employee may seek recovery from that third party. 21 V.S.A. § 624(a). Co-employees, including those acting in a supervisory capacity, are third parties who may be sued. *Libercent v. Aldrich*, 149 Vt. 76, 80, 539 A.2d 981, 983 (1987).

We recently decided that a corporate officer may be subject to co-employee liability only for those negligent acts or omissions that breach a personal, rather than a nondelegable corporate, duty owed to a plaintiff employee. *Garrity v. Man-*

*ning,* 164 Vt. 507, 513, 671 A.2d 808, 811 (1996). To impose liability on Kelley, plaintiff must allege "something more" than a breach of the corporate duty to provide a safe workplace. *Id.* at 512, 671 A.2d at 810; see also *Kruse v. Schieve,* 240 N.W.2d 159, 161 (Wis. 1976) (injured employee had cause of action where she alleged corporate officer personally directed removal of safety guard from machine); cf. *Holmberg v. Brent,* 161 Vt. 153, 153-54, 636 A.2d 333, 334-35 (1993) (employee could bring action for damages against fire chief who ordered others to remove pad surrounding base of fire pole).

Plaintiff first claims that Kelley negligently hired, trained and supervised Wirta. He asserts that Kelley was the "ultimate supervisor" and was therefore principally responsible for training and supervising Wirta and for enforcing the workplace safety rules. Here, plaintiff alleges nothing more than breach of the duty to maintain the safety of the workplace, a duty owed by the employer. See *Garrity,* 164 Vt. at 511, 671 A.2d at 810 see also 21 V.S.A. § 223 (employers have duty under occupational safety law to furnish workplace free from recognized hazards that could cause serious physical harm).

Neglect of safety precautions by a corporation through the absence of appropriate remedial actions by its officers is a breach of the employer's duty. See, e.g., *Bradley v. H.A. Manosh Corp.,* 157 Vt. 477, 481, 601 A.2d 978, 981 (1991) (employer has "duty to act reasonably to control [a] servant's actions . . . if the [employer] has knowledge of (1) ability to control, (2) need to control, and (3) opportunity to control that servant"). Plaintiff has not shown that Kelley assumed any specific responsibility for workplace safety in the service area. He merely asserts that Kelley's position as president makes him the "ultimate supervisor" and therefore responsible for workplace safety.

Second, plaintiff claims that Kelley negligently entrusted Wirta with the use of the car that hit plaintiff and, therefore, is liable for plaintiff's injuries. It is negligent for one person to permit another to use an item if the first person knows or should know that the other person is likely to use it in a manner that creates an unreasonable risk of harm to others. *Poplaski v. Lamphere,* 152 Vt. 251, 260, 565 A.2d 1326, 1332 (1989). To avoid the exclusivity provision, however, plaintiff must show that the duty owed by Kelley was a personal duty, not simply a corporate duty to maintain a safe workplace. Thus, we ask whether Kelley acted as a supervisor or a co-employee in exercising the duty plaintiff alleges was breached. See *Tauchert v. Boatmen's Nat'l Bank,* 849 S.W.2d 573, 574 (Mo. 1993) (per curiam).

Again, we find no basis on which to distinguish the duty plaintiff alleges was breached here from the duty to maintain a safe workplace. Kelley did not act as a co-employee; the claim alleges failure to act in a supervisory capacity. We recognize that a negligent entrustment claim involves a higher level of culpability than negligent supervision because it requires a knowing disregard of danger. Nonetheless, the exclusivity provision bars any claim against an employer short of intentional injury. See *Kittell,* 138 Vt. at 441, 417 A.2d at 927 (overwhelming weight of authority protects employers for misconduct short of intentional injury). "Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, . . . [or] wilfully failing to furnish a safe place to work . . . this still falls short of the kind of actual intention to injure" necessary to support a claim against the employer. 2A A. Larson, Larson's Workmen's Compensation Law § 68.13 (1995).

*Affirmed.*