## Ralph I. Gerrish v. Paul Savard

[739 A.2d 1195]

No. 98-103

Present: Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.

Opinion Filed July 23, 1999

*L. Brooke Dingledine* of *Valsangiacomo, Detora & McQuesten, P.C.*, Barre, for Plaintiff-Appellant.

*Douglas D. Le Brun* and *Elizabeth H. Miller* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Defendant-Appellee.

*John L. Kellner* and *Kevin E. Brown* of *Langrock Sperry & Wool*, Middlebury, for Amicus Curiae Vermont State Labor Council, AFL-CIO.

**Johnson, J.** This appeal arises out of a personal injury action in which plaintiff alleged that he was injured when his employer negligently rigged a crane, causing a cable to snap and a piece of

granite to fall on plaintiff. Plaintiff argues that it was error for the trial court to grant summary judgment because there is a genuine issue of material fact as to whether defendant, who was the president and owner of the granite company at which plaintiff worked, was acting as an employer or a co-employee when the incident occurred. Because plaintiff has not alleged facts showing that defendant acted outside the scope of his duty as an employer, we affirm.

To warrant a grant of summary judgment, there must be no genuine issues of material fact and the moving party must be entitled to judgment as a matter of law. See *Mello v. Cohen*, 168 Vt. 639, 639, 724 A.2d 471, 473 (1998) (mem.). The opposing party must be given the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists. See *Miller v. Town of West Windsor*, 167 Vt. 588, 588, 704 A.2d 1170, 1171 (1997) (mem.).

In the incident central to this case, a piece of granite being hoisted by a crane fell onto plaintiff when the cable snapped or somehow gave way. Plaintiff alleges that defendant is liable for his injuries because defendant (1) failed to properly maintain and order the repair of a faulty brake for the crane, but instead simply removed the brake, (2) failed to warn plaintiff and others of the faulty brake, (3) failed to exercise reasonable care in repairing the brake, and (4) failed to replace the frayed cable, which had been reported to defendant shortly before the accident. Plaintiff asserted in the amended complaint that by "undertaking the actual repair and replacement of mechanical parts of the crane, [defendant] established a personal duty to Plaintiff to exercise reasonable care in his handling and maintaining [of] a dangerous instrumentality."

Defendant filed a motion for summary judgment, arguing that plaintiff's exclusive remedy was through the workers' compensation statute, see 21 V.S.A. § 622, which, in providing relief for injured workers, bars workers from bringing common-law negligence actions against their employers. While injured workers may bring negligence actions against persons other than the employer, see 21 V.S.A. § 624(a), defendant argued that he was not liable as a co-employee because plaintiff had alleged only failure to maintain a safe work place, which is a nondelegable duty of the employer. Defendant additionally emphasized that he was not present in the plant at the time of the accident.

In opposing defendant's motion, plaintiff argued that defendant was acting as a co-employee at the time of the accident. Plaintiff pointed out that defendant frequently worked alongside his employ-

ees and that there was conflicting evidence as to whether defendant was present at the time of the accident. Plaintiff further emphasized the allegations that defendant had personally repaired and maintained the crane involved in the accident, had personally removed the brake on the crane, and had personally received a report just prior to the accident that the cable was frayed.

The trial court denied defendant's motion without prejudice to allow for further discovery. Defendant renewed his motion for summary judgment, and the trial court granted the motion, reasoning that the duty in the instant case was similar to that in a Wisconsin case, *Gerger v. Campbell*, where an employer who had modified a hydraulic press was found not subject to co-employee liability because the decision to modify the machine was within the employer's nondelegable duty to furnish reasonably safe tools and equipment to an employee. See 297 N.W.2d 183, 185-86 (Wis. 1980). This appeal followed.

The undisputed material facts of this case cannot support a conclusion that defendant is subject to liability as a co-employee, nor is the primary disputed fact (whether defendant was present in the immediate area at the time of the accident) determinative of this issue.

■ Vermont's workers' compensation statute guarantees workers a remedy for a work place injury, see 21 V.S.A. § 618, and injured workers carry a reduced burden of proof. See *Bishop v. Town of Barre*, 140 Vt. 564, 572, 442 A.2d 50, 53 (1982) (claimant entitled to benefits upon showing that injury was suffered by accident arising out of employment, and need not prove employer's negligence). The amount of recovery is fixed, however, and the statute provides the exclusive remedy for work place injuries:

> [T]he rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which [he or she] is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee . . . at common law or otherwise on account of such injury.

21 V.S.A. § 622. Thus, "[w]orkers' compensation law represents a public policy compromise in which 'the employee gives up the right to sue the employer in tort in return for which the employer assumes strict liability and the obligation to provide a speedy and certain remedy' for work-related injuries." *Murray v. St. Michael's College*,

164 Vt. 205, 209-10, 667 A.2d 294, 298 (1995) (quoting *Lorrain v. Ryan*, 160 Vt. 202, 214, 628 A.2d 543, 551 (1993)).

There is, however, an exception to the general rule that the workers' compensation statute provides the exclusive remedy for work place injuries:

> Where the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability to pay the resulting damages in some person other than the employer, the acceptance of compensation benefits or the commencement of proceedings to enforce compensation benefits shall not act as an election of remedies, but the injured employee . . . may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section.

21 V.S.A. § 624(a). This exception may, under certain circumstances, apply to an employer if the employer was acting in the capacity of a co-employee in negligently causing the accident. See *Dunham v. Chase*, 165 Vt. 543, 544, 674 A.2d 1279, 1281 (1996) (mem.).

Our decision in *Garrity v. Manning*, 164 Vt. 507, 671 A.2d 808 (1996), provides the most recent and significant interpretation of the co-employee exception as it applies to corporate officers. In that case, the plaintiff, who was employed as a truck driver, was injured when he slipped and fell on a snow- and ice-covered parking lot maintained by his employer. See *id.* at 508, 671 A.2d at 808. The plaintiff alleged that the president and majority stockholder of the corporation that employed him was liable as a co-employee because he sometimes assisted in sanding and clearing the parking lot. See *id.* We upheld the decision of the trial court that the plaintiff's exclusive remedy was through the workers' compensation statute, because the alleged negligence on the part of defendant fell within the parameters of an employer's nondelegable duty to maintain a safe work place. See *id.* at 514, 671 A.2d at 812.

This reasoning reflects our decision in *Garrity* to abandon the "proximity rule," which looked to the immediacy of the corporate officer's participation in the negligent activity to determine whether there was liability as a co-employee. See *Steele v. Eaton*, 130 Vt. 1, 6, 285 A.2d 749, 753 (1971) (applying proximity rule). We did so because the proximity rule had the effect of saddling small businesses and closely-held corporations with greater liability, merely by virtue of the

fact that corporate officers in such organizations would, by necessity, be more involved in the day-to-day operations of the business. The focus on the immediacy of a corporate officer's participation risked "turn[ing] the exclusive remedy provision into an illusion" for small businesses, thus depriving small businesses of the benefit of the bargain manifested in the workers' compensation statute. *Garrity*, 164 Vt. at 511, 671 A.2d at 810.

Instead, we adopted the more workable "Wisconsin rule," which examines the nature of the duty involved to determine whether the negligent act was committed in the capacity of an employer or a co-employee, and hence whether there is co-employee liability. See *id.* (where duty is nondelegable duty of employer, common law action cannot be maintained because action is actually against employer). The policy rationale behind this rule is to prevent double recovery against employers. For instance, in a case where the employer's duty to provide a safe work place is breached, allowing an employee to recover workers' compensation from the corporation and to sue a corporate officer (who will often be indemnified by the corporation) as an individual will frequently have the effect of imposing double liability on the corporation. See *id.* at 512, 671 A.2d at 811.

■ In light of our holding in *Garrity*, the key question in determining when conduct is governed exclusively by the workers' compensation statute is whether the negligence occurred in the performance of a nondelegable duty of the employer as opposed to arising out of an obligation owed to the injured employee. See *id.* at 513, 671 A.2d at 811. To establish co-employee liability, the plaintiff must show that there was a personal duty owed the plaintiff apart from the nondelegable duties of the employer. See *id.* at 514, 671 A.2d at 812. Plaintiff has not done so in this case.

We agree with the trial court that the instant case is similar to *Gerger v. Campbell*, 297 N.W.2d 183 (Wis. 1980).[1] The question before the court in that case was whether the lower court properly decided that the president of a corporation was not acting as a co-employee when he negligently designed and installed a modification of a hydraulic press, the subsequent operation of which resulted in injury to the plaintiff. See *id.* at 184. The Wisconsin court discusses the fact that the defendant had retired, had left the day-to-day operation of the business to his sons, and visited the plant only every two months.

---

[1] Although Wisconsin no longer allowed co-employee liability at the time the case was decided, there was co-employee liability at the time the accident occurred.

Additionally, the court noted that the defendant was not present on the premises at the time the accident occurred and that the alteration to the hydraulic press preceded the accident by several months.

In concluding that the defendant was not liable as a co-employee, the court looked not to the immediacy of his participation in the day-to-day operations of the business, however, but instead focused on the duty implicated by his actions. The court noted that the decision to modify the press was a corporate decision, and that the duty to provide safe equipment for the execution of the employment task is a nondelegable duty of the employer. See *id.* at 186 (citing *Wasley v. Kosmatka*, 184 N.W.2d 821 (Wis. 1971). Therefore, the president was determined to be immune from suit because his "negligence occurred in the course of the nondelegable duties of an employer to furnish reasonably safe tools and equipment to an employee." *Id.* at 185-86. The court reasoned that "[o]nly if it can be said that by his conduct he has *changed his status* from that of a supervisor to that of a co-employee will an action for common law tort lie. . . . It did not constitute the negligence of a co-employee, even though his affirmative acts increased the risk to a corporate employee who subsequently used the machine." *Id.* at 186-87 (emphasis added).

An analogous situation exists in the instant case. An employer in Vermont also has a nondelegable duty to provide a safe work place and safe tools and equipment. See *Landing v. Town of Fairlee*, 112 Vt. 127, 129, 22 A.2d 179, 180 (1941); 21 V.S.A. § 223(a). Here, as in *Gerger*, defendant allegedly made a decision that a piece of machinery could operate without a certain safety feature. Additionally, here, as in *Gerger*, the modification was made several months before the accident.[2] In both cases, therefore, the corporate officer altered the working environment and thereby increased the risk for all employees. In both cases, whether the employer made the alteration himself does not change the nature of the duties involved; rather, this reflects only the realities of running a small business in which corporate officers must frequently participate in the day-to-day operations of the business.

Defendant in this case was exercising managerial prerogatives, and not merely taking the place of a worker. It is the exercise of managerial prerogatives in fulfillment of the employer's nondelegable

---

[2] Defendant points to undisputed deposition testimony attached to plaintiff's opposition to summary judgment that indicates the brake was removed three to four months prior to the accident.

duties that signals that the employer has not "doffed the cap of corporate officer, and donned the cap of a coemployee." *Kruse v. Schieve*, 213 N.W.2d 64, 66 (Wis. 1973) (*Kruse I*).

> The maintenance of a safe workplace, including suitable machinery and tools, is the duty of the employer. Moreover, the employer's duty is nondelegable in that the employer cannot escape liability for breach either by purporting to delegate to another the duty itself, or by delegating merely the performance of the duty. . . .
>
> . . . To charge the employee with the same duty as the employer would effectively sidestep the workers' compensation law and hold the employee liable for breach of the same duty already compensated for through the payment of benefits.

*Rounds v. Standex Int'l*, 550 A.2d 98, 101-02 (N.H. 1988) (citations omitted).

Thus, for a common law negligence action to lie where a corporate officer appears to be acting both as an employer and as a co-employee, a plaintiff must allege circumstances that reveal a duty that is "additional to and different from" the general, nondelegable duty of the employer. *Kruse I*, 213 N.W.2d at 67. This is because the co-employee exception of 21 V.S.A. § 624(a) applies where there is liability in someone "other than the employer." To be considered "other than the employer," the individual must *not* be involved in performing a nondelegable duty of the employer and must *not* be exercising managerial prerogatives — because both of these activities indicate that the individual is acting as an employer.

Plaintiff argues that, in the instant case, defendant has, in fact, stepped outside his role as an employer. Plaintiff cites a number of cases from Missouri and Wisconsin in which an employer who modified the operation of a piece of machinery was found to have violated a personal duty owed the injured worker and was therefore subject to liability as a co-employee. We are not persuaded that these cases set forth a different rule or compel a different result.

Plaintiff primarily relies on *Tauchert v. Boatmen's National Bank*, 849 S.W.2d 573 (Mo. 1993), in which the defendant unsuccessfully rigged an elevator hoist, injuring the plaintiff. The Supreme Court of Missouri held that the trial court had erred in granting summary judgment for the defendant in that case because there was a genuine issue of material fact regarding whether the defendant acted as an employer or co-employee in rigging the elevator hoist. Based on the

alleged facts, the court could not rule out the possibility that defendant, by personally rigging the elevator hoist while working with the plaintiff, had committed an "affirmative negligent act outside the scope of his responsibility to provide a safe workplace for plaintiff," resulting in breach of personal duty. *Id.* at 574.

Plaintiff additionally points to *Craft v. Scaman*, 715 S.W.2d 531 (Mo. Ct. App. 1986), in which an employer working with his employee rigged a machine in such a way that the resulting friction caused a fire that engulfed the employee in flames. The court found that there was no immunity in that case, reasoning that the employer had breached a common-law duty to exercise reasonable care in handling a dangerous instrumentality.

Finally, in *Kruse v. Schieve*, 240 N.W.2d 159 (Wis. 1976) (*Kruse II*), reviewed by the Wisconsin Supreme Court after remanding the case to allow plaintiffs to replead, see *Kruse I*, 213 N.W.2d at 67, the court concluded that there was a cause of action for co-employee liability where a corporate officer had personally directed the employee to remove the safety guard from a machine.

From these cases, plaintiff seeks to draw a parallel to the instant case, where the defendant also allegedly modified a piece of machinery, thereby creating a greater risk to plaintiff. As we established in *Garrity*, however, one cannot look merely to the type of activity or the corporate officer's participation in the activity to determine whether there is co-employee liability. Bare similarity in the underlying factual scenario (i.e., modification of a piece of machinery) does not establish that defendant in the instant case was operating outside the scope of his nondelegable duties as an employer when he rigged the crane.

The distinguishing feature of *Craft* and *Kruse* is that the employer in those cases engaged in an affirmative act directed at the particular employee that increased the risk of injury to that particular employee, thus creating the personal duty that is the basis for co-employee liability. It is the affirmative act directed at a particular employee that places the employer's conduct outside the scope of an employer's nondelegable duties. Furthermore, in *Tauchert*, the court — without extensive recitation of the alleged facts[3] — concluded only that there was a genuine issue of material fact as to whether the supervisor was acting as an employer or co-employee at the time of

---

[3] In fact, the supervisor and injured employee worked together to rig the elevator, as a later decision in the case explains. See *Tauchert v. Ritz*, 909 S.W.2d 687, 688-89 (Mo. Ct. App. 1995).

the accident. Like the *Craft* and *Kruse* courts, however, it also required that the plaintiff show negligence *outside* the scope of the employer's duties. See *Tauchert*, 849 S.W.2d at 574; *Craft*, 715 S.W.2d at 537 ("The negligence must have been directed toward the particular plaintiff and the tortious act must have been outside the scope of the employer's responsibility.") (citations omitted). This is the same rule we have applied in the instant case.

Because plaintiff in this case has not alleged facts showing that defendant acted outside the scope of his duty as an employer, the trial court did not err in granting defendant's motion for summary judgment.

*Affirmed.*