2009 VT 37

**Michael A. GARGER v. Alan DESROCHES**

[974 A.2d 597]

No. 08-121

---

¶ 1. March 27, 2009. Plaintiff Michael Garger appeals from the superior court's order dismissing his complaint against defendant Alan Desroches, his former co-employee and supervisor. Plaintiff filed an action for damages, alleging that defendant negligently ordered him to surmount a steep incline while driving an all-terrain vehicle (ATV), which resulted in an accident that caused him severe injury. The court dismissed the complaint as barred by the Workers' Compensation Act (the Act). On appeal, plaintiff argues that his cause of action is not barred because it is not against his employer. We affirm.

¶ 2. "A motion to dismiss for failure to state a claim upon which relief can be granted should not be granted unless it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Richards v. Town of Norwich*, 169 Vt. 44, 48, 726 A.2d 81, 85 (1999) (quotation omitted). On appeal, we assume that all factual allegations in the complaint are true and resolve all reasonable inferences in favor of the plaintiff. *Id.* at 48-49, 726 A.2d at 85.

¶ 3. According to plaintiff's complaint, he was employed at Stratton Mountain, and defendant was his co-employee and supervisor. Defendant gave plaintiff an "on the job" order to drive an ATV up a steep incline. The ATV flipped over, and plaintiff was injured. Plaintiff filed suit, alleging that defendant had negligently ordered him to drive the ATV up the hill. Defendant filed a motion to dismiss, arguing that the action was barred by the exclusivity provision of the Act, 21 V.S.A. § 622. Plaintiff answered that the suit was against "some person other than the employer," *id.* § 624(a), and therefore was not barred by § 622. The court held the action was barred by the Act's exclusivity clause and dismissed the case. Plaintiff appeals.

¶ 4. The Act allows employees to receive workers' compensation for injuries sustained while working, but prevents them from bringing negligence claims against their employer for the injuries. *Id.* §§ 622, 624; see also *Gerrish v. Savard*, 169 Vt. 468, 470, 739 A.2d 1195, 1197-98 (1999) (explaining that the Act is a public policy compromise whereby workers receive a quick and certain recovery for workplace injuries based on strict liability, but in return, the compensation is a fixed amount and workers cannot sue in tort). The Act creates an exception to this exclusivity bar: when a compensable injury is caused under circumstances creating a legal liability in a "person other than the employer," an injured employee may seek tort recovery from that person. 21 V.S.A. § 624(a). For someone to be "other than the employer" and not per se immune from suit, the person must not be acting as the employer — that is, he must not be performing a nondelegable duty of the employer and must not be exercising "managerial prerogatives." *Chayer v. Ethan Allen, Inc.*, 2008 VT 45, ¶ 23, 183 Vt. 439, 954 A.2d 783 (quotation omitted); see also *Gerrish*, 169 Vt. at 472, 739 A.2d at 1198 (explaining that the "Wisconsin rule" examines the nature of the duty involved to determine whether the negligent act was committed in the capacity of the employer or whether there is co-employee liability); *Garrity v. Manning*, 164 Vt. 507, 513, 671 A.2d 808, 811 (1996) (adopting the "Wisconsin rule," under which a worker who receives workers' compensation benefits is barred from suing for conduct that amounts to a breach of the corporate employer's duty). The duty to provide a safe workplace is a nondelegable duty that is the employer's alone. *Gerrish*, 169 Vt. at 473, 739 A.2d at 1199.

¶ 5. Plaintiff first argues that, as defendant is not an owner or officer of the employer, defendant could not have been acting as the employer and therefore

cannot be immune from negligence claims under the Act. Since adopting the functional test in *Garrity*, most of our cases against co-employees have involved co-employees who were also owners or officers. See *id.* at 473-74, 739 A.2d at 1199-1200 (examining whether president acted outside his duty as employer); *Dunham v. Chase*, 165 Vt. 543, 544, 674 A.2d 1279, 1280-81 (1996) (mem.) (inquiring whether principal stockholder and president breached a duty other than the employer's duty to maintain a safe workplace). In *Garrity*, we specifically reserved the question of whether we would apply the rule to "all supervisory employees." 164 Vt. at 512 n.2, 671 A.2d at 811 n.2. More recently, we held that "[c]o-employees are not liable for breaching the employer's nondelegable duty to maintain a safe workplace," and we dismissed claims against nonowner co-employees because the activities were part of the employer's nondelegable duty to provide a safe workplace. *Chayer*, 2008 VT 45, ¶¶ 23-25. Although the distinction between owner and nonowner supervisors was not specifically analyzed in *Chayer*, plaintiff has provided no logical reason why the rule should not apply equally in both situations. In fact, as the trial court noted, courts from other states that apply a similar rule have held that the nondelegable duty to provide a safe workplace applies to co-employee supervisors who are not owners or officers because "the supervisory employee is the representative of the employer and a double recovery, worker's compensation and tort damages, is not permitted." *Lupovici v. Hunzinger Constr. Co.*, 255 N.W.2d 590, 591 (Wis. 1977). Thus, we conclude that defendant can be acting as the employer even though he is not an owner or officer of the employer corporation.

¶ 6. Plaintiff next contends that the exclusivity provision does not apply in this case because defendant's negligence was a breach of a duty separate and apart from the employer's nondelegable duty to provide a safe workplace.[1] To distinguish a breach of a personal duty from a breach of a corporate duty, we ask whether defendant "acted as a supervisor or a co-employee in exercising the duty plaintiff alleges was breached." *Dunham*, 165 Vt. at 544, 674 A.2d at 1280-81 (concluding that the claims that the officer negligently hired, trained, and supervised the co-employee who injured the plaintiff alleged nothing more than a breach of the employer's duty to maintain a safe workplace); see also *Gerrish*, 169 Vt. at 473, 739 A.2d at 1199 (concluding that the defendant was exercising managerial prerogatives in deciding that a piece of machinery could operate without a certain safety feature); *Lupovici*, 255 N.W.2d at 592-93 (concluding that the claims arising from a specific direction from a supervisor on how to perform a job duty that resulted in injury alleged a breach of the employer's duty to provide a safe workplace); *Gerger v. Campbell*, 297 N.W.2d 183, 187 (Wis. 1980) (determining that when the company president decided to modify a machine in a negligent manner that resulted in injury to an employee, this decision was "undertaken in the course of the employer's nondelegable duty to furnish equipment and machinery" and was "corporate negligence, not co-employee negligence . . . even though his affirmative acts increased the risk to a corporate employee who subsequently used the machine"). In his amended com-

---

[1] Although plaintiff's amended complaint claims that defendant's negligence was not part of the employer's nondelegable duty, we are not bound by this legal conclusion. We accept the facts as pleaded in plaintiff's complaint, but we derive our own legal conclusions from those facts. See *Aranoff v. Bryan*, 153 Vt. 59, 62-63, 569 A.2d 466, 468 (1989) (explaining that this Court would accept facts alleged in complaint, but not legal conclusions).

plaint, plaintiff alleged that he was injured after following an "on the job" "order" given by defendant, who was acting as his "supervisor."[2] Given these undisputed facts, defendant's order to plaintiff to drive the ATV up the hill does not meet the requirements for exception from the exclusivity clause. The order was given as a managerial duty in that, as plaintiff alleges, defendant was acting as his supervisor at the time. Plaintiff contends that the negligent order was separate from the employer's duty to provide a safe workplace because the tools and equipment were safe. Any negligence on defendant's behalf, however, was in failing to assure that the equipment and the operator were safe and appropriate for the task of driving up the steep slope. A failure to ensure that the equipment is appropriate for the job is part of an employer's nondelegable duty to provide a safe workplace. Thus, defendant's act is not excepted from § 624(a)'s exclusivity clause.

¶ 7. Plaintiff further attempts to distinguish this case by alleging that his injury resulted from an act of affirmative negligence on defendant's part, not merely an omission. We conclude that any distinction between omissions and affirmative acts is not relevant to the question of whether defendant is performing a nondelegable duty of the employer. See *Garrity*, 164 Vt. at 513, 671 A.2d at 811 ("As long as a corporate duty is in issue, immunity exists whether the officer fails to discharge it or actually does so in a negligent manner."). As we have explained, this issue turns on "the nature of the duty" that the plaintiff alleges is breached, and not the extent of defendant's participation in the act. *Id.* at 514, 671 A.2d at 812. Thus, whether the alleged negligence is characterized as arising from an affirmative act or from an omission, the fact remains that defendant may not be sued because any breach was of the duty to provide a safe work environment.

¶ 8. At oral argument, plaintiff also argued that even if defendant was exercising managerial prerogatives, the Act does not bar suits for injuries arising from unreasonable exercises of managerial prerogatives. Plaintiff is incorrect. "[T]he exclusivity provision bars any claim against an employer short of intentional injury." *Dunham*, 165 Vt. at 544, 674 A.2d at 1281 (concluding that negligent entrustment claim is barred by the exclusivity provision, even though claim involves a higher level of culpability than negligent supervision); see also *Kittell v. Vt. Weatherboard, Inc.*, 138 Vt. 439, 440-41, 417 A.2d 926, 926-27 (1980) (per curiam) (holding that the exclusivity clause of the Act protects employers for misconduct except when there is "a specific intent to injure" and that the employer is immune for even "wilful and wanton conduct leading to a sudden but foreseeable injury"); *Mead v. W. Slate, Inc.*, 2004 VT 11, ¶ 13, 176 Vt. 274, 848 A.2d 257 (acknowledging that a "growing number of jurisdictions have broadened the definition of specific intent beyond that set forth in *Kittell*, to include instances where the employer not only intends to injure the worker, but engages in conduct with knowledge that it is substantially certain to cause injury or death"). Since defendant was exercising a nondelegable duty of the employer and was thus acting as the employer, defendant must have either had a specific intent to injure or have known with substantial certainty that injury would result, for the exclusivity provision not to bar plaintiff's claim.[3] Plaintiff has not alleged such facts.

---

[2] Plaintiff conceded at oral argument that defendant was acting as plaintiff's supervisor in giving this order.

[3] As the plaintiff has not alleged that defendant knew with substantial certainty that injury would result, we need

¶ 9. Plaintiff is not remediless as he is eligible to receive compensation under the Act. This is the bargain struck by the Act; injured workers receive compensation for their workplace injuries without regard to fault, but receive a fixed recovery amount. *Gerrish*, 169 Vt. at 470, 739 A.2d at 1197-98; see also *Kittell*, 138 Vt. at 441, 417 A.2d at 927 ("We are not unmindful that in individual cases this may work some hardship, but where the Legislature has determined that the benefits derived from quick and certain basic compensation outweigh those from delayed and contingent full compensation, we are unwilling to disturb this choice.").

¶ 10. For the foregoing reasons, the trial court properly granted defendant's motion to dismiss.

*Affirmed.*

not address whether the broadened definition of specific intent indentified in *Mead* should be adopted. See *Mead*, 2004 VT 11, ¶¶ 13-17.