Filed 04/07/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT  05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-2631

| | |
|---|---|
| JESSICA DEARDEN,<br>        Plaintiff<br><br>        v.<br><br>SOUTH BURLINGTON OPCO, LLC, THE RESIDENCE AT QUARRY HILL, MELEA HOLLIMAN, and TLC NURSING,<br>        Defendants | DECISION ON MOTIONS |

## RULING ON DEFENDANT TLC NURSING'S MOTION TO DISMISS AND OTHER PENDING MOTIONS

This negligence action arises from an injury sustained by Plaintiff Jessica Dearden, a visiting nurse, while lifting a patient at a nursing home in South Burlington.  The Court previously dismissed the claims brought against Defendants South Burlington OPCO and The Residence at Quarry Hill on grounds of workers' compensation exclusivity.  *See* Ruling on Defs.' Mot. to Dismiss (filed Jan. 7, 2026).  Defendant TLC Nursing now also seeks dismissal on various grounds.  For the following reasons, the motion to dismiss is DENIED.[1]  Additionally, Defendant's motion to strike Plaintiff's Sur-Reply is DENIED, and Plaintiff's motion for extension of time to serve Defendant Holliman is GRANTED.

### Background

The Court summarized the pertinent factual allegations and procedural history in its January 7 ruling and need not repeat them here at length.  Briefly, Defendant South Burlington OPCO, LLC owns and operates Defendant The Residence at Quarry Hill in South Burlington.  On June 20, 2022, Plaintiff was working as a visiting nurse at The Residence at Quarry Hill.  Her employer, MAS Medical Solutions, had assigned her to that job.  While working at The Residence, Plaintiff and another worker, Defendant Melea Holliman, were assigned to lift a patient.  As they were lifting the patient, Holliman lost control of her side of the lifting maneuver, shifting all of the patient's weight to Plaintiff.  Plaintiff alleges that, in losing control

---

[1] Technically, there are two motions to dismiss.  TLC Nursing initially moved to dismiss on December 15, 2025 (Mot. # 9) after it had been served with the original Complaint.  Later, after Plaintiff served TLC with the operative Second Amended Complaint, TLC filed a "Second" motion to dismiss on February 17, 2026 (Mot. # 12).  The second motion is based on the same reasons expressed in the first motion, and incorporates by reference the briefing filed in support of the first motion.

during the lifting maneuver, Holliman was negligent, and that this negligence caused Plaintiff to severely injure her left shoulder. Second Am. Compl. ¶¶ 10-13. Plaintiff further alleges that the other defendants – South Burlington OPCO, The Residence at Quarry Hill, and TLC Nursing – were vicariously liable for Holliman's negligence as her employers and directly liable for failure to adequately train and negligent training. Second Am. Compl. ¶¶ 23-25.

Plaintiff brings one claim of negligence against Holliman, and a second claim of negligence against the entity defendants. In its January 7 ruling, the Court granted South Burlington OPCO's and The Residence at Quarry Hill's motion to dismiss, holding that the negligence claims were barred by the Workers' Compensation Act's exclusivity provision. The other entity defendant, TLC Nursing, now also seeks dismissal of the negligence claim brought against it.

<u>Discussion</u>

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Vermont Rules of Civil Procedure, the Court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 12, 198 Vt. 204 (quoting *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309). The Court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10, 209 Vt. 514. The burden on plaintiffs under Vermont law is "exceedingly low" at the pleading stage. *Prive v. Vermont Asbestos Group*, 2010 VT 2, ¶ 14, 187 Vt. 280. Complaints are intended to give enough notice to the defendant to allow a response, but need not lay out every detail of the facts supporting the claim. *See Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). The goal is to "strike a fair balance, at the early stages of litigation, between encouraging valid, but as yet underdeveloped causes of action and discouraging baseless or legally insufficient ones." *Id*. As such, motions to dismiss for failure to state a claim are "disfavored." *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575. "Nonetheless, where the plaintiff does not allege a legally cognizable claim, dismissal is appropriate." *Montague*, 2019 VT 16, ¶ 11.

First, TLC Nursing contends that Plaintiff's claim for vicarious liability against it as Holliman's employer is barred by the Workers' Compensation Act's exclusivity provision. As this Court explained in its earlier ruling, compensation paid by the statutory employer or its insurer is typically the exclusive remedy for an employee injured during the course of employment. *See* 21 V.S.A. §§ 618(a)(1), 622; *see generally*, *Edson v. State*, 2003 VT 32, ¶ 6, 175 Vt. 330. In attempting to pin vicarious liability on TLC Nursing for Holliman's acts, Plaintiff relies on the exception for injuries "caused under circumstances creating a legal liability to pay the resulting damages in some person other than the employer." 21 V.S.A. § 624(a)(1). "A co-employee or corporate officer may be subject to personal liability for acts or omissions under this section 'only for those negligent acts or omissions that breach a personal, rather than a nondelegable corporate, duty owed to a plaintiff employee.'" *Martel v. Connor Contracting, Inc.*, 2018 VT 107, ¶ 19, 208 Vt. 498 (quoting *Dunham v. Chase*, 165 Vt. 543, 543, 674 A.2d 1279, 1280 (1996) (mem.)). "Thus, the determination of whether a co-employee may be held

2

personally liable for an employee's injuries focuses on 'the nature of the obligation the plaintiff alleges has been breached.'" *Id*. (quoting *Garrity v. Manning*, 164 Vt. 507, 513, 671 A.2d 808, 811 (1996)).

"[A]n employer's duty to provide a safe workplace is a nondelegable corporate duty" that "includes the specific 'duty to provide safe equipment for the execution of the employment task.'" *Martel*, 2018 VT 107, ¶ 20 (quoting *Gerrish v. Savard*, 169 Vt. 468, 473, 739 A.2d 1195, 1199 (1999)). "Accordingly, a plaintiff 'must allege something more than a breach of the corporate duty to provide a safe workplace' to impose co-employee, personal liability on the defendants." *Id*. (quoting *Dunham*, 165 Vt. at 544). "To distinguish a breach of a personal duty from a breach of a corporate duty, we ask whether defendant 'acted as a supervisor or a co-employee in exercising the duty plaintiff alleges was breached.'" *Garger v. Desroches*, 2009 VT 37, ¶ 6, 185 Vt. 634 (mem.) (quoting *Dunham*, 165 Vt. at 544) (trial court properly dismissed plaintiff's action against co-employee/supervisor who had ordered plaintiff to drive up steep incline in ATV which then flipped over and injured plaintiff, where "order was given as a managerial duty in that . . . defendant was acting as his supervisor at the time").

Here, the specific alleged negligent act by Holliman is that "[a]s they were lifting the patient, . . . Holliman negligently lost control of her side of the lifting maneuver shifting all of the patient's weight to Jessica Dearden." Second Am. Compl. ¶ 11; *see also id*. ¶ 13. There is no indication that Holliman was acting "as a supervisor," *Garger*, 2009 VT 37, ¶ 6, "exercising managerial prerogatives," *Gerrish*, 169 Vt. at 474, or otherwise exercising the "nondelegable . . . corporate duty to provide a safe workplace," *Martel*, 2018 VT 107, ¶ 20 (quotation omitted). While Plaintiff claims that her injury was due in part to TLC Nursing's negligent or inadequate training of Holliman, she also claims that Holliman individually was negligent. It is not inconsistent to allege both theories, and both can be true. Based on the allegations of the Second Amended Complaint, Holliman may be liable under the co-employee exception to the workers' compensation exclusivity rule. 21 V.S.A. § 624(a)(a). Accordingly, as her employer, TLC Nursing may be liable vicariously for her alleged negligence.[2]

Next, TLC Nursing contends that Plaintiff's claim for *direct* liability against it for negligent and inadequate training fails. It argues that the amendment to the Complaint naming TLC as a defendant and asserting the negligent training claim is time-barred because it does not

---

[2] TLC Nursing points out that Plaintiff has not actually alleged that TLC was Holliman's employer. Def.'s Mot. to Dismiss at 3-4 (filed Dec. 15, 2025). While true, TLC also admits in its briefing that Holliman was a TLC employee. Def.'s Reply at 5 (filed Jan. 30, 2026). Thus, there appears to be no dispute that TLC Nursing employed Holliman, and the Court would permit a further amendment to reflect that fact. Given that TLC's employment of Holliman is necessary to Plaintiff's negligence claim, Plaintiff must further amend her complaint to allege that fact within 30 days or the Court will dismiss the claim. In addition, Plaintiff still has not amended her Complaint to name the correct business entities, South Burlington OPCO, LLC and The Residence at Quarry Hill, despite the Court granting her permission to do so, which augments the confusion created by her filing. Plaintiff shall make this correction in her third amended pleading filed within 30 days, or the Court will dismiss the remaining claim against Defendants South Burlington OPCO, LLC and The Residence at Quarry Hill.

"relate back" to the original Complaint. "The relation back doctrine normally controls when an action is commenced for purposes of the statute of limitations: 'Rule 15(c) is grounded on the notion that a party who has been notified of litigation concerning a given transaction has been accorded all the notice that statutes of limitations are intended to afford.'" *Korda v. Chicago Ins. Co.*, 2006 VT 81, ¶ 15, 180 Vt. 173 (quoting *Hojaboom v. Town of Swanton,* 141 Vt. 43, 51, 442 A.2d 1301, 1305 (1982)). The relation-back doctrine "permits an amendment of a pleading to relate back to the original pleading when the new claim or defense 'arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" *Choiniere v. Marshall*, 2014 VT 117, ¶ 27, 198 Vt. 215 (quoting V.R.C.P. 15(c)(2)); *see also* V.R.C.P. 15(c)(3) (allowing relation-back as to new parties where subdivision (c)(2) condition and additional requirements are satisfied).

Here, the alleged injury occurred on June 20, 2022, and the three-year statute of limitations expired on June 20, 2025. TLC Nursing contends that the negligent training claim asserted in the Second Amended Complaint (filed Oct. 22, 2025) does not relate back to the original Complaint (filed June 19, 2025) because it does not arise out of the conduct, transaction, or occurrence alleged in the original pleading. *See* Def.'s Mot. to Dismiss at 8-9; Reply at 4; Sur-Sur-Reply at 3. The Court disagrees. The negligent training allegation is not new to the Second Amended Complaint. The original Complaint has multiple references to the alleged negligent training of Holliman – then identified as Jane Doe. *See* Original Compl. ¶¶ 6, 23-32. Moreover, the alleged negligent training would have manifested in the June 22, 2022 injury, and Plaintiff's claim would not have accrued prior to her injury. *See, e.g.*, *Earle v. State*, 170 Vt. 183, 193, 743 A.2d 1101, 1108 (1999) ("The date of accrual under the statute of limitations seeks to identify the point at which a plaintiff should have discovered the basic elements of a cause of action: an injury caused by the negligence or breach of duty of a particular defendant."). Thus, that claim arises out of the same "conduct, transaction, or occurrence" alleged in the original pleading. V.R.C.P. 15(c)(2); *see also* Wright & Miller, 6A *Fed. Prac. & Proc. Civ.* § 1497 (3d ed.) (noting that "the search under Rule 15(c) is for a common core of operative facts in the two pleadings"). Accordingly, the Court cannot conclude on this record that the claim is time-barred.[3]

TLC Nursing also contends that it owed no duty to Plaintiff. It notes that Plaintiff has identified no "special relationship" under which it had a duty to control Holliman in order to protect Plaintiff, and that Plaintiff has similarly failed to allege that it had control over the facility where she was injured. It correctly notes that even if it had control over the facility, then it would be a "statutory employer" protected by the exclusivity provision of the Workers' Compensation Act. As Holliman's direct employer, however, TLC Nursing may have had some control over Holliman's general training as a nurse. This question will require factual development before resolution.

---

[3] Importantly, TLC Nursing has not addressed the issues of notice and prejudice that are core to allowing relation-back under Rule 15(c)(3). *See, e.g.*, V.R.C.P. 15 – Reporter's Notes (explaining that disallowing amendment based on "technicality" is done "only when necessary to protect the defendant from real prejudice"). Even if it had, those issues would likely require factual development.

<u>Order</u>

For the foregoing reasons, Defendant TLC Nursing's motions to dismiss (Mots. # 9 and 12) are DENIED, except that Plaintiff must amend her complaint to allege that TLC Nursing is Melea Holliman's employer and to name the correct business entities (South Burlington OPCO, LLC and The Residence at Quarry Hill) within 30 days, or the claims will be dismissed.

Defendant's Motion to strike Plaintiff's Sur-Reply (Mot. # 14) is DENIED; the Court allows and has considered both Plaintiff's Sur-Reply and Defendant's Sur-Sur-Reply. Plaintiff's motion for extension of time to serve Defendant Holliman (Mot. # 15) is GRANTED. Plaintiff shall file proof of service on Defendant Holliman no later than May 4, 2026. However, in light of the extensions previously granted by the Court as well as the amount of time this case has been pending on the Court's docket, no further extensions of the time to serve Holliman are expected to be allowed.

Electronically signed on April 6, 2026 at 5:28 PM pursuant to V.R.E.F. 9(d).

_____

Megan J. Shafritz
Superior Court Judge