Mellado v. PC Constr. et. al., No. 554-5-13 Cncv (Pearson, J., Oct. 2, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

VERMONT SUPERIOR COURT                    CIVIL DIVISION
CHITTENDEN UNIT                           DOCKET NO. 554-5-13 Cncv

RAUL MELLADO

      v.

PC CONSTRUCTION, f/k/a
Pizzagalli Construction, and
LYNN HUNTER


## DECISION AND ENTRY ORDER

Raul Mellado has sued PC Construction, his former employer, and Lynn Hunter, his former employer's "safety engineer," alleging that Defendants negligently failed to provide a safe workplace and so caused him severe and permanent injuries. PC Construction and Hunter move the Court to dismiss the action against them for failure to state a claim upon which relief can be granted, arguing that 21 V.S.A. § 622 bars Mellado's lawsuit. Does 21 V.S.A. § 622 bar Mellado from suing PC Construction and/or Hunter? Maybe, but not yet.

21 V.S.A. § 622 does not bar Mellado from suing PC Construction <u>at this time</u>. Section 622 would bar Mellado's suit only if he were found to be entitled to worker's compensation benefits. However, PC Construction has denied benefits to Mellado, and Mellado's appeal on the issue to the Commissioner of Labor and Industry is still pending. Section 622, therefore, does not bar Mellado from attempting to pursue other remedies still arguably available to him at common law.

Second, for essentially the same reason § 622 does not bar Mellado from suing Hunter individually <u>at this time</u>. Generally, an employee who is entitled to workers' compensation cannot sue a coworker for negligently breaching the employer's own non-delegable duty, such as the duty to provide a safe workplace. There are instances when a co-employee can be sued for negligence, when the co-employee's actions implicate legal obligations and a duty of care owed directly to the Plaintiff that are different than the employer's own duty to maintain a safe workplace. Whether Hunter's position as the company's "safety engineer" would fall within that exception is an issue that is also premature and cannot be resolved on a motion to dismiss. *Cf., e.g., Prive v. Vermont Asbestos Company,* 2010 VT 2, ¶s 14-19, 187 Vt. 280, 287-91. In this case, then, § 622 does not bar Mellado from filing suit against Hunter because Mellado's legal entitlement to workers' compensation is still uncertain at this time.

**Alleged Facts Taken as True on Rule 12(b)(6) Motion**

Raul Mellado worked for PC Construction, f/k/a/ Pizzagalli Construction, in Burlington, Vermont. On June 1, 2010, Mellado was working for PC Construction on a project in Burlington. He was working at a height of 14 to 16 feet above an open tank and wearing his safety harness. The area where Mellado was working was partially covered with plywood, while the open areas had beams in place. There was no place for Mellado to hook his safety harness or any fall protection guards in place.

Mellado had to step from an area that was covered with plywood onto an area that was covered with only beams to help a crane remove a generator which was located at the bottom of the tank. When Mellado stepped onto the area with steel beams, he lost his balance, fell to the bottom of the tank, and sustained severe, permanent injuries. At the time of the accident, PC Construction was Mellado's employer and general contractor on the construction project. Lynn Hunter was the "safety engineer" in charge of ensuring that the work area was safe for PC Construction's employees. PC Construction has denied workers' compensation to Mellado, and that issue is pending before the Commissioner of the Vermont Department of Labor.

**Discussion**

*Standard of Review*

The Court should grant a motion to dismiss for failure to state a claim upon which relief can be granted "only when it is beyond doubt that there exist no facts or circumstances that would entitle the nonmoving party to relief." *Samis v. Samis*, 2011 Vt. 21, ¶ 9, 189 Vt. 434 (quoting *Powers v. Office of Child Support*, 173 Vt. 390, 395 (2002)). The Court must assume that all factual allegations in the complaint are true and resolve all reasonable inferences in the plaintiff's favor. *Id*.

*Analysis*

I. **21 V.S.A. § 622 does not bar Mellado from suing PC Construction because Mellado's benefit eligibility is contested and he can seek other remedies available at common law**

The Workers' Compensation Act ("WCA") provides employees an exclusive remedy for accidental workplace injuries. 21 V.S.A. § 622. Section 622 states that "[e]xcept as provided in subsection 618(b) and section 624 of this title, the rights and remedies granted by provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter shall exclude all other rights and remedies of the employee . . . at common law or otherwise

on account of such injury." *Id.* Unless one of the exceptions applies, § 622 bars employees from suing their employers for workplace injuries that are compensable under the WCA. *See, e.g., Garger v. Descroches*, 2009 VT 37, ¶ 4, 185 Vt. 634.

However, not every workplace injury will trigger the WCA's exclusive remedy provision in § 622. Section 622 bars an employee from suing his employer <u>only if</u> the employee is actually entitled to workers' compensation. *Gallipo v. City of Rutland*, 173 Vt. 223, 227 (2001) (finding that the superior court erred in holding that § 622 barred Gallipo's lawsuit because, although Gallipo was receiving interim benefits when the superior court acted, the Commissioner of Labor had not yet formally determined if Gallipo was entitled to workers' compensation and the City even argued that Gallipo was not entitled to benefits). Section 622 does not bar an employee's suit merely because the employee has filed a workers' compensation claim, or is even receiving interim benefits, while a decision as to his right to a permanent award is pending. *Id.* at 228–30.

Defendants argue that § 622 bars Mellado from suing PC Construction. However, defendants ignore the fact, as pleaded in Mellado's complaint, that PC Construction has denied workers' compensation to Mellado.[1] Since it is not clear at this time if Mellado is entitled to workers' compensation benefits, § 622 does not bar Mellado from suing PC Construction.

### II. 21 V.S.A. § 622 does not bar Mellado from suing Hunter because Mellado's benefit eligibility is contested and Plaintiff is free to seek other remedies available at common law

As stated, Section 622 of the WCA generally prohibits employees who are entitled to workers' compensation from suing their employers in tort for the same workplace injury. 21 V.S.A. § 622. Notwithstanding § 622, employees who are entitled to workers' compensation can sue a third party other than their employer for a workplace injury. 21 V.S.A. § 624. Section 624 states that "[w]here the injury for which compensation is payable under the provisions of this chapter was caused under circumstances creating a legal liability to pay the resulting damages in some person other than the employer, the acceptance of compensation benefits . . . shall not act as an election of remedies, but the injured employee . . . may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." *Id.*

Employees have relied many times on § 624 to sue their coworkers in tort for workplace injuries. For a coworker to incur third-party liability under § 624, the coworker "'must *not* be involved in performing a nondelegable duty of the employer and

---

[1] Mellado alleges an additional relevant fact in the Plaintiff's Objection to Defendants' Motion to Dismiss, which is that the Commissioner of Labor and Industry has not yet ruled on Mellado's entitlement to workers' compensation and the final administrative hearing on that point was postponed due to discovery issues.

must *not* be exercising managerial prerogatives—because both of these activities indicate that the individual is acting as an employer." *Gerrish v. Savard*, 169 Vt. 468, 474 (1999). The duty to provide a safe workplace is a non-delegable duty of the employer. *Id.* at 473. The duty to follow state and federal workplace safety regulations falls under the duty to provide a safe workplace. *Chayer v. Ethan Allen, Inc.*, 2008 VT 45, ¶ 25, 183 Vt. 439. Coworkers are not liable personally under § 624 for breaching an employer's non-delegable duty to provide a safe workplace. *Garger*, 2009 VT 37, ¶ 4-5.

At the time of plaintiff Mellado's accident, Lynn Hunter was Mellado's coworker and the "safety engineer" in charge of safety compliance for the specific construction project at issue. Mellado has sued Hunter individually for, allegedly, negligently failing to provide a safe workplace and to follow state and federal workplace safety regulations. Defendants argue that Hunter is not liable personally under § 624 for allegedly breaching only an employer's non-delegable duty to provide a safe workplace. Since Hunter would not then fall into the third-party exception under § 624, Defendants argue that § 622 bars Mellado from suing Hunter at all.

As stated, however, Defendants' argument is premature. Section 622 applies only if an employee is entitled to workers' compensation. *Gallipo*, 173 Vt. at 227. Mellado's entitlement to workers' compensation is contested because PC Construction has denied his claim and the Commissioner has not issued a final ruling on Mellado's administrative appeal. While *Gallipo* makes clear that § 622 does not bar Mellado from suing PC Construction merely because he has applied for workers' compensation absent a final award of benefits, it is less clear whether § 622 would still bar Mellado from suing Hunter individually. Mellado has essentially alleged that Hunter breached only the employer's non-delegable duty to maintain a safe workplace, as opposed to some personal duty of care, indicating that she was acting as the agent of the employer at the time of Mellado's accident. *Cf. Gerrish*, 169 Vt. at 474.

If that turns out to be the only basis of the claim against Hunter, then based on *Gallipo*, § 622 would bar Mellado from suing Hunter IF Mellado becomes entitled to WC benefits. However, § 622 does not yet apply in this case because Mellado's entitlement to benefits is contested. If § 622 ultimately does not apply, i.e., Mellado is ruled not to be eligible for WC benefits, then Mellado can arguably still sue Hunter for common law negligence – IF Hunter herself owed Mellado some duty of care, *cf. Prive, supra,* an issue not addressed or decided here – even if Hunter was also discharging at the same time the employer's non-delegable duty to provide a safe workplace. Since Mellado's WC benefit recovery is still uncertain at this time, § 622 does not yet bar Mellado from suing Hunter just as it does not bar him from suing PC Construction.

The Legislature struck a balance in § 622 so employees receive compensation for workplace injuries and employers (but not necessarily coworkers) in return get limited

liability. *Stamp Tech, Inc. ex rel. Blair v. Ludall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 25 n.3, 186 Vt. 369 (quoting *Kittell v. Vt. Weatherboard, Inc.*, 138 Vt. 439, 441 (1980)). For the court to find that § 622 does not bar Mellado from suing Hunter at this time would not upset the legislative balance of interests. *Gallipo* holds that Mellado can seek other remedies available to him at common law, unless and until the Commissioner determines that Mellado is entitled to benefits. *Gallipo*, 173 Vt. at 229. Since the Commissioner has not yet issued a final ruling, § 622 does not bar Mellado from suing Hunter.

## Conclusion

Section 622 of the WCA bars employees who are entitled to workers' compensation from suing their employers in tort. However, since PC Construction has denied Mellado's benefit claim and the Commissioner has not ruled on Mellado's entitlement to benefits as of this date, § 622 does bar Mellado from suing PC Construction. Additionally, Mellado can proceed against Hunter individually because § 622 does not yet apply in this case, and Hunter's possible status as an "excepted" coworker under § 624 is not before the court.

Defendants' motion to dismiss (filed July 17, 2013) is **denied**. Counsel for the parties should confer, and agree on and submit a proposed Discovery and Scheduling order, on the standard form, no later than October 21, 2013.

IT IS SO ORDERED, at Burlington, Vermont, this _____ day of September, 2013.

_____
Dennis R. Pearson, Superior Judge