*Martel v. Connor Contracting, Inc.*, 435-7-16 Wncv (Teachout, J., Sept. 1, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                   **Docket No. 435-7-16 Wncv**

**IRA MARTEL**
    **Plaintiff**

    **v.**

**CONNOR CONTRACTING, INC., JASON CLARK,
AND STEPHEN CONNOR**
    **Defendants**

### DECISION
### Defendants' Motions for Summary Judgment

Plaintiff Ira Martel was injured when he fell from a roof while working as an employee of Connor Contracting, Inc.  He claims that Connor Contracting and two of his supervisors, Jason Clark and Stephen Connor, are liable to him in tort because adequate safety equipment that would have prevented his injury was not available to him when he fell.  Mr. Martel received worker's compensation for his injury.  In two motions for summary judgment, Defendants argue that the worker's compensation exclusivity rule necessarily bars additional relief.

The material facts are genuinely disputed.  To enable summary judgment analysis, the court assumes the truth of the narrative presented by Mr. Martel in opposing summary judgment.  That version of the facts is as follows.  A work crew, including Mr. Martel, had been doing roof work at a job site in Montpelier.  On the final day of the work, only Mr. Martel and another employee were at the site to finish up, as instructed by Mr. Connor and Mr. Clark, neither of whom was present at the Montpelier site on the day of the injury.  Mr. Martel was on a flat roof about 15 feet above the ground when he fell to the ground and was injured.[1]  He was not using safety gear that would have arrested his fall because necessary components of that gear had been moved the day before to a different job site by his supervisors.  Mr. Martel reasonably perceived that if he had objected to going on the roof without safety equipment then Defendants may have retaliated against him.  He received worker's compensation benefits for his injury.

Mr. Martel seeks to avoid the exclusivity rule, 21 V.S.A. § 622, by arguing that his injury was substantially certain to occur and, separately, that there is co-employee liability against Mr. Connor and Mr. Clark per 21 V.S.A. § 624(a).  The court concludes, after considering these arguments, that no Defendant can have liability based on this set of facts.

The exclusivity provision generally applies except in cases of a "specific intent to injure." *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441 (1980).  The parties dispute whether the Court has relaxed this standard to encompass situations in which there is a substantial certainty of injury but something short of specific intent to injure.  See *Stamp Tech, Inc. ex rel. Blair v.*

---

[1] Nothing in the record explains how Mr. Martel came to fall from the roof.

*Ludall/Thermal Acoustical, Inc.*, 2009 VT 91, ¶ 32, 186 Vt. 369 (Burgess, J., dissenting) ("With a footnote, the majority overturns what was fairly clear since enactment of workers' compensation almost a century ago, and what *Kittell v. Vermont Weatherboard, Inc.*, 138 Vt. 439, 441 (1980) (per curiam), made explicitly clear: '[n]othing short of a specific intent to injure falls outside of the scope of the Act.'"). It is unnecessary to resolve the debate over *Stamp Tech* here because the facts cannot satisfy the substantial certainty standard regardless whether it is the law in Vermont.

The Court has described the substantial certainty standard in the worker's compensation context as follows:

> On the continuum of tortious conduct, substantial certainty has been described as just below the most aggravated conduct where the actor intends to injure the victim; it is more than "'mere knowledge and appreciation of a risk,'" and more egregious than even "'mere recklessness'" in which the actor knows or should know that there is a strong probability that harm may result. Thus, the substantial certainty standard has been variously described as "tantamount to an intentional tort," a "surrogate state of mind for purposefully harmful conduct," and "a substitute for a subjective desire to injure."

*Mead v. W. Slate, Inc.*, 2004 VT 11, ¶ 13, 176 Vt. 274 (citations omitted).

Defendants might have been negligent in instructing Mr. Martel to work on a roof 15 feet above the ground without safety gear. However, there is no indication in the facts that anyone should have known that Mr. Martel would fall from the roof. Nothing in the record explains why being on a flat roof presents such an acute risk of injury that it is substantially certain that a fall will occur.

Mr. Martel attempts to refocus the substantial certainty inquiry on whether injury would occur if he fell. That, he asserts, was substantially certain. However, under the facts he was simply instructed to work on a flat roof. It cannot be concluded that working on a flat roof presents a substantial certainty of injury.

As to the individual Defendants, Mr. Martel has been unable to identify any non-employer duty and nonmanagerial prerogative for purposes of establishing any independent liability of Mr. Clark or Mr. Connor. The worker's compensation exclusivity rule does not apply to liability for tortfeasors "other than the employer." 21 V.S.A. § 624(a). "For someone to be 'other than the employer' and not per se immune from suit, the person must not be acting as the employer—that is, he must not be performing a nondelegable duty of the employer and must not be exercising 'managerial prerogatives.'" *Garger v. Desroches*, 2009 VT 37, ¶ 4, 185 Vt. 634.

The duty at issue in this case was to provide a safe workplace for the employee. That is a nondelegable duty of the employer, see *id.*, and there is no allegation that Mr. Clark and Mr. Connor were doing anything other than exercising managerial prerogatives insofar as they instructed Mr. Martel to work on the roof and determined what safety equipment would be made available.

ORDER

For the foregoing reasons, Defendants' motions for summary judgment are *granted*.

Dated at Montpelier, Vermont this 1st day of September 2017.


_____
Mary Miles Teachout
Superior Judge